No. 15.—EDWARD H. TEDLIE, plaintiff in error, *vs.* JOHN DILL, defendant in error.

[1.] If judgment is entered against joint defendants, when one of them is dead at the time, the judgment shall be reversed for error as to all of them.

Motion to set aside judgment.   Before Judge WARREN.   In Baker Superior Court.   June Term, 1847.

The said Edward H. Tedlie, with William P. Tedlie, and Jesse B. Tedlie, were sued jointly, by John Dill.   The said Edward H. and William P. were served with process, and a return of, " not to be found," was made by the officer as to Jesse B.   Pending the suit and before judgment, the said William P. died.   Dill, the plaintiff below, proceeded in the case to final judgment against the said Edward H. and William P., as though the said William P. was in life.   No notice whatever was taken of his death.

The above motion was made on the ground that the action being joint as well as the judgment, and being bad as to one, it should be reversed as to all.   The Court below overruled the motion, and the counsel for Tedlie excepted.

H. J. DEVON, for the plaintiff in error, cited, *Schley Dig.* 246, (*n. q.*) 290; *Prince*, 422; 3 *Black. Com.* 394, *n.* 14; 3 *Bacon Abr.* 99, 68, 106, 115; 4 *Hen. & Munf.* 439; 1 *Chit. Pl.* 44.

JONES & CARITHERS and R. F. LYON, for the defendants in error.

*By the Court.*—LUMPKIN, Judge, delivering the opinion.

John Dill brought an action of assumpsit, in the Superior Court of Baker County, against Edward H., William P., and Jesse B. Tedlie.   Service was perfected on two of them, to wit : Edward H. and William P. Tedlie, and the sheriff returned, " *not to be found,*" as to the other defendant, Jesse B. Tedlie.   William P. Tedlie died before the case was docketed, but no notice was taken thereof upon the record, and judgment was taken at the regular term against both of the defendants who were served.

At June Term, 1847, of Baker Court, a motion was made before the presiding judge, to set aside the judgment as *erroneous,* upon

Carruthers *vs.* Bailey.

the ground, that the action being joint as well as the judgment, and being bad as to one, it should be reversed as to all; which application being overruled, the defendant by his counsel excepted.

We are of the opinion, that the Court erred in refusing [1.] this motion. A judgment, as being an entire thing, cannot be reversed in part and stand good as to the other part, or be reversed as to one party and remain good against the rest. *Hob.* 90; *Carth.* 235. If judgment is entered against joint defendants when one of them is dead, the judgment shall be reversed for error as to all of them; for in such case, if the plaintiff proceed, it is at his peril; he ought to make a special entry of the death of the party, namely, to suggest it on the record, with *nihil ulterius versus eum fiat,* and then take judgment only against the others. *Ib.* 149.

Whether this judgment be amendable under the Statute of Jeofails, 17 Charles II., A. D. 1665, I will not undertake to say. Like all remedial acts, and especially those relating to *amendments,* it should be construed liberally. From the case of *Hooe* vs. *Barber et al.,* 4 *Hen. & Mun.* 439, it would seem that the judgment might be set aside as against the deceased defendant, and stand good as to the others, the proper entries having been made *nunc pro tunc,* in order to perfect the record and preserve its symmetry. See also *Newnham and another against Law,* 5 *T. R.* 577.

Judgment reversed.

3   105
98  223
3   105
d112 694