CHARLES DAVIS *et al.*, plaintiffs in error, *vs.* JAMES GURLEY, defendant in error.

1. The right of common of pasture on wild lands cannot, in Georgia, be founded on the fact that one's cattle have been pastured on such lands for twenty or thirty years.

2. Judgment in this case reversed, but if the plaintiff will remit $114 00 from the verdict and judgment thereon, and dismiss his action as to the defendants, William Davis, Dine Davis, and William Morgan, the judgment shall stand affirmed for the balance of the verdict against the defendant, Charles Davis.

Common of pasturage.   Trespass.   Before Judge KNIGHT. Union Superior Court.   October Term, 1873.

James Gurley brought trespass against Charles Davis, William Davis, Dine Davis and William Morgan, for $5,000 00 damages, sustained by reason of the erection of a fence by the defendants, which excluded the stock of the plaintiff from pasturing upon unimproved lands, upon which he claimed a prescriptive right of common of pasturage on account of thirty years continuous and uninterrupted use of said land for such purpose.   The second count alleged damages on account of the killing of certain stock of the plaintiff.

The defendants pleaded the general issue.

The evidence showed that Charles Davis built a fence five or six miles long, from Tocoa river to the mountains, on lands which he claimed, excluding the stock of the plaintiff from

Davis *et al. vs.* Gurley.

his side of the fence; that plaintiff had pastured his stock upon the land for some fifteen or twenty years; that his stock had been killed to the amount of about $80 00; that the right of pasturage was worth some $50 00 per annum.

There was some testimony tending to show that Charles Davis killed the stock. The circumstances which were claimed to connect the other defendants with the alleged trespass were so slight that it is not deemed necessary to mention them.

The jury returned a verdict for the plaintiff for $200 00. A motion was made for a new trial, because the verdict was contrary to law and the evidence. The motion was overruled, and defendants excepted.

This case was before the Supreme Court at a previous term: See 44 *Georgia Reports,* 582.

C. J. WELLBORN; MARSHALL L. SMITH, by THOMAS F. GREER, for plaintiffs in error.

WIER BOYD, for defendant.

TRIPPE, Judge.

1. Damages were given as specially stated in the verdict, both for a trespass upon the right of common of pasture claimed by the plaintiff, as well as for the killing of plaintiff's cattle. This case was before this court, as reported in 44 *Georgia,* 582, when it was held that the plaintiff had not shown any right to the common of pasture, for the interference with which his action is partly brought. He has not strengthened his claim on this point, and we affirm the former decision as to this question. We have been urged to decide whether common of pasture exists in Georgia, and to declare the law in reference thereto. The invitation cannot be accepted, only so far as to pass on the case before us. We have neither time or inclination to volunteer to glean in the fields of almost forgotten lore upon an almost obsolete question—the more especially as no aid has been rendered us by reference to a single authority. Chancellor Kent says, "the change of manners and property, and the condition of society in the country, is

so great that the whole of this law of commonage is descending fast into oblivion, together with the memory of all the talent and learning which were bestowed upon it by the ancient lawyers." We do not say that such a right cannot or does not exist in this state. Doubtless it could be created by grant. But we have no hesitation in pronouncing that the simple fact that a man's cattle has pastured on wild lands, such as they are in this case, for any length of time, does not establish the right.

2. The verdict was for "$200 00 for killing the cattle and depriving stock from the range." The cattle killed were proved to be worth $86 00. No damages could have been legally given for a disturbance of any right of pasturage. The verdict was a general verdict for plaintiff and against all the defendants. There is no evidence in the record to justify the finding, as to killing the cattle, against any of the defendants except Charles Davis—nothing connecting the other three defendants with the killing, either by acts or threats. Matthews is not a party, as was stated in the argument. Two verdicts have been rendered, and this is the second time the case has been brought here for review. In our opinion the verdict can be sustained against Charles Davis only by the evidence, and that only to the extent of damages for killing the cattle. Under the authority given to this court in section 4284 of the Code, we reverse the judgment of the court below, and order a new trial, unless the plaintiff will remit from his judgment the sum of $114 00, and dismiss the suit as to William Davis, Dine Davis and William Morgan.