## McCALLA vs. SHAW.

Where two were jointly sued for malicious arrest and false imprisonment, and the act on which the suit was predicated was the joint act of the two, each was responsible for the entire recovery, and a verdict for $300 general damages against one of the defendants and $100 against the other, was illegal, and should not have been received.

(a.) Section 3075 of the Code, providing for the apportionment of damages by the jury, where several trespassers are sued jointly, has reference to trespasser committed on property, and not to an action for a personal tort.

(b.) A new trial having been granted to that one of the defendants against whom the jury found $100.00, and the liability and responsibility of the two being the same, the other defendant was also entitled to a new trial.

April 25, 1884.

Torts. Damages. Parties. Verdict. New Trial. Practice in Superior Court. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Reported in the decision.

A. C. McCALLA; G. W. GLEATON, for plaintiff in error.

BLACK & ALBERT, for defendant.

BLANDFORD, Justice.

Shaw brought his action against W. E. McCalla and J. N. Stewart for malicious arrest and false imprisonment. The jury returned a verdict for four hundred dollars general damages; three hundred dollars against McCalla, and one hundred dollars against Stewart. The defendants, McCalla and Stewart, moved the court for a new trial, upon several grounds. The one mainly relied on here is, that the verdict is illegal, and should have been rendered against both defendants for the same amount. The court granted a new trial as to Stewart, but refused the motion as to McCalla, and he excepted, and brings the case here for review. The Code, §2992, says: " If the imprisonment be the act of several persons, the party may sue them jointly or separately; and if jointly, all shall be responsible for the entire recovery. " In the case of *Simpson vs. Perry*, 9 *Ga.*, 509, the rule was stated by Warner, J., in an action for joint tort against several defendants. "The jury are to assess damages against all the defendants jointly, according to the amount which, in their judgment, the most culpable of the defendants ought to pay," and cites 2 Greenleaf Ev., §277. That case was an action against two defendants for an assault and battery. The jury found two hundred dollars against one of the defendants, and one hundred dollars against the other defendant. The court construed the verdict to mean that the jury found two hundred dollars against both defendants, and that such was the legal effect

of the verdict, and reversed the judgment of the court below, and directed the verdict be amended so as to conform to the ruling of the court in that case.

But the defendant in error insisted that section 3075 of the Code controls this case, in which it is provided that "when several trespassers are sued jointly, the plaintiff may recover against all, the greatest injury done by either. But the jury may, in their verdict, specify the particular damage to be recovered of each." We think that this section refers to trespasses committed on property, and not to such a tort as is set forth in the declaration of defendant in error. We think that the court should have refused to receive the verdict rendered in this case, and he should have instructed the jury that, if they found damages of three hundred dollars against McCalla, then they should find the same amount against Stewart, as they were jointly liable and responsible for the entire recovery. Code, §2992.

If this direction had been given by the court, it would seem to follow that if Stewart was entitled to have a new trial, as was awarded in this case, then McCalla should likewise have had a new trial, as his liability and responsibility were precisely that of Stewart, in this action.

Let the judgment of the court below, refusing the new trial, be reversed.