McDANIEL *v.* McLENDON, guardian.

Cause for setting aside a judgment was not shown where it appeared
that the defendant's counsel was in the court-house with her plea
(which had not been filed), and would have set up the good defence
made by it, but the case was called in irregular order and he
did not hear it; such irregular call of cases being with his knowl-
edge and consent, and he having ample opportunity to file the plea
or have his name entered on the docket before the call of the case.
June 2, 1890.

Judgments.　　　Practice.　　　Before Judge ROBERTS.
Laurens superior court.　January term, 1889.

On February 2, 1887, upon the petition of McLendon,
guardian, a rule *nisi* for the foreclosure of a mortgage
was issued against Mrs. McDaniel.　On the next Novem-
ber 9, and during the trial term, the rule was made
absolute, and judgment in the plaintiff's favor was
entered.　On the 16th of the same month, defendant
filed a plea to the effect that she gave the mortgage for
money lent her husband, which was used and expended
by him and in no way for her benefit, etc.　On February
2, 1888, she moved to set aside the judgment of fore-
closure, on the grounds that she had a good defence (as
stated in her plea) and would have set it up had she had
an opportunity to do so, but the case was taken up out
of its order before the motion docket was called, on
which docket the case was placed; that her attorney was
in the court-house with her plea, ready to make defence,
and would have done so had he heard the case called,
but was not expecting it, as the motion docket was not
in its order and the case had not been sounded; and
that she would suffer great loss should the judgment
be allowed to stand.　The plaintiff, having been served
with this motion, answered that the case was called by
the judge, and upon investigation it was ascertained
that there was no plea or defence of any kind filed; that
she could not set up that she was security for her hus-

band, because the note and mortgage were signed by her as principal, and her husband being dead, she could not alter the written contract; that she had ample time to file her defence, and neither plaintiff nor the court was blamable to her for the taking of the judgment; that the case was called as all other cases were called at that term, there being no regular call of the dockets, but the cases, or a majority of them, being called by the court whether in their order or not, and if parties were ready the case would proceed to trial; and that defendant's attorneys were present consenting to such call of the dockets, making the same legal and valid.

The motion was overruled, and defendant excepted.

FELDER & SANDERS and J. E. HIGHTOWER, by HARRISON & PEEPLES, for plaintiff in error.

No appearance contra.

SIMMONS, Justice.

The facts of this case will be found in the official report. Under those facts, the trial judge did not err in refusing to set aside the judgment of foreclosure. While the docket was not called regularly, the record shows that counsel for the plaintiff in error consented to the manner in which it was called. It also shows that there had been plenty of time before the call of this case for the defendant to have filed her plea. She states that her counsel were in court and had her plea in their possession, waiting for the case to be called. Why did they not file it? Why did they wait until the case was called before filing it? How easy it would have been for them to have filed the plea, or marked their names on the docket, and thus saved all this expense and trouble. If counsel are employed to make defence to a case in court, it is their duty to file their defence, or at least to mark their names on the docket. Instead of doing this, if they wait until the case is

called to file their pleas, and the case is called and they fail to hear it, and judgment is entered by the court for want of a proper plea, they have no one to blame but themselves; and this court will not interfere· with the discretion of the trial judge when such negligence as this is shown and he refuses to open the judgment on account thereof.   There is no contention that the presence of client as well as of counsel was requisite, either to file the plea or to try the case.   *Judgment affirmed.*