## BENTLEY *v.* FINCH *et al.*

Where the suit was upon an unconditional contract in writing, and no plea was filed nor was the name of the counsel marked upon the docket, nor the attention of the court called to the fact that counsel who was absent was employed in the case or expected to appear in the same, it was the duty of the court to award judgment without a jury. This having been done, it was error to set the judgment aside upon a showing that counsel had been em-

ployed by defendant, whose name defendant had requested the clerk of the court to enter upon the docket, that such counsel was a member of the legislature which was in session, and that defendant had a meritorious defence.

March 16, 1891.

Motion to set aside judgment. Practice. Before Judge HANSELL. Brooks superior court. May term, 1890.

Reported in the decision.

D. W. ROUNTREE, for plaintiff.

No appearance for defendants.

SIMMONS, Justice.

We think the court erred, under the facts of this case, in setting aside the judgment. There was no plea filed, the name of counsel was not marked upon the docket, nor was the attention of the court called to the fact that the absent counsel was employed in the case or expected to appear in the same. When counsel is employed in a case—especially in defence of a suit on an unconditional contract in writing,—it is his duty to file his pleas at the first term of the court, and to mark, or have marked, his name upon the docket. When this is not done, it is the duty of the court to award judgment without a jury in the case. This case was doubtless called in its order, and no plea having been filed, and counsel's name not having been marked upon the docket, the court entered judgment thereon. We do not think the defendants in the court below made a sufficient showing to authorize the judge to set aside a solemn judgment made at a former term of the court. The fact that one of the defendants requested the clerk to mark the name of his counsel on the docket is not sufficient; the fact that counsel was a member of the legislature, which was then in session, is not sufficient; the fact that the defendants now say they have a meritorious defence is not sufficient. Defendants had more

than six months within which to inform the court of this defence, and failed to do it in the manner prescribed by law.   They, or their counsel, should have seen that such defence was filed.   The least they could have done would have been to mark the name of their counsel on the docket, so as to inform the judge that there was a defence to the suit.   Not having done this, and showing no sufficient reason for setting the judgment aside, the trial judge erred in granting the motion.   *Phillips* v. *Taber*, 83 *Ga.* 565, 10 S. E. Rep. 270; *McDaniel* v. *McLendon*, 85 *Ga.* 614, 11 S. E. Rep. 869.

*Judgment reversed.*