### HARRALSON v. McARTHUR.

1. The defendant's attorney being absent with leave of the court on account of sickness, his relationship to the case being known to counsel for the plaintiff, although his name was not marked on the docket, his leave of absence applied to the case; and if his client was also absent on account of a public announcement made by the judge in open court (she being then present and hearing it) that no case would be taken up in which the absent counsel was concerned, the judgment against such defendant ought to be set aside upon application made at the same term, supported by an affidavit of a meritorious defence.

2. A joint verdict and judgment against several defendants, some of whom were never served and had not waived service by appearance, should be set aside on motion made at the same term.

July 8, 1891. By two Justices.

Practice. Judgments. Jurisdiction. Before Judge ROBERTS. Montgomery superior court. October term, 1890.

Reported in the decision.

MARTIN & SMITH and H. W. CARSWELL, for plaintiff in error.

E. A. SMITH, DeLACY & BISHOP and D. C. McLENNAN, contra.

SIMMONS, Justice.

1. At the time the judgment was rendered in this case in the court below, Mr. Stanley, the attorney of Mrs. Harralson, one of the defendants, was absent from the court under a leave granted on account of sickness. This providential cause would have been a sufficient excuse for his absence without any leave from the court. It was known to plaintiff's counsel that he had been employed in this case, although his name was not marked on the docket. Mrs. Harralson heard the judge announce in open court that no case in which Mr. Stanley was concerned as counsel would be taken up. For this reason she was not present when the case was

called, and, doubtless for the same reason, made no arrangement to be represented by other counsel. She ascertained during the term that a judgment had been rendered against her, and immediately, before the expiration of the term, moved to set the same aside, which the court declined to do. This decision, in our opinion, was erroneous. Although Mr. Stanley had neither filed a plea for defendant, nor caused his name to be marked on the docket, his client should not, in our opinion, suffer on account of his failure to do these things, because at the time the case was called and disposed of, he was at home sick and unable to attend to any business. If his leave of absence had been obtained for any other cause, he could, at least, have done what was necessary to inform the court what cases were to be affected by the leave granted. This he could have accomplished by furnishing the court with a list of his cases, or by seeing to it that his name was marked on the docket in all of them. Where an attorney is well, and gets a leave of absence from the court for his own convenience, it would be negligence to allow a case he was employed to defend to stand on the docket till called for a final disposition, without having previously done anything whatever to inform the court the case was to be contested, and that he represented the defendant. There seems to be no good reason, other than sickness or some other providential cause, why an attorney could not do this much, in person or otherwise, before the case was reached in its order for a hearing, and unless prevented by such cause, he would have until then to protect his cases under his leave of absence; but where he is sick, his opportunity to do so does not extend up to that time, and for this reason, we think the rule above indicated should be modified in a case like this, where providential interference cuts an attorney off from the full exercise of his rights and privileges.

In the case of *Bentley* v. *Finch*, 86 *Ga*. 809, 13 S. E. Rep. 155, the record shows that the judge stated to Mr. Humphreys, counsel for defendant, who was present in court, he would not try that day any case in which he was employed ; yet, nevertheless, on the same day, did render judgment against his client in a case wherein Mr. Humphreys' name was not marked on the docket, the judge not knowing he was employed therein.   The court below afterwards set that judgment aside, and was, we think, properly reversed by this court for so doing.   The suit was upon an unconditional written contract, and was in default, no plea having been filed, and no counsel's name having been   marked for defendant on the docket.   Mr. Humphreys' client relied upon the clerk to enter his name, and this being at his own risk, he could take nothing by the clerk's failure to comply with his request.   Again, Mr. Humphreys was present in court when the judge made the announcement as to his cases, and there is no reason why he could not have then had his name marked in the cases he defended, or at least have informed the judge what his cases were.   Nothing of the sort was done, and under these facts, we thought no sufficient reason appeared for setting the judgment aside.   In the *Bentley* case, the motion to set aside the judgment was not made at the term at which it was rendered, as was done in the case at bar ; nor does the record in the former allege that defendant or his counsel were ignorant, till after the term closed, of the rendition of the judgment, or state any reason whatever why the motion to set aside was not made during the term.   These two cases differ in many respects, but the controlling distinction between them is, that in one the defendant's counsel was prevented by providential interference from giving all needed attention to his client's interests, and in the other he was not, but had ample and sufficient

opportunity to do so, and by availing himself thereof, could have prevented the rendition of the judgment.

2. This was an action against several defendants, including the plaintiff in error, some of whom were not served at all and never had their day in court. The verdict and judgment being a joint one in favor of the plaintiff against all the defendants, ought not to stand. Those who were not served of course are not bound by it, and this fact would effectually prevent the plaintiff in error, in case she satisfied the judgment, from having her right to contribution from all her co-defendants. In the event she should demand such contribution, they would only have to reply they were not bound by the judgment at all, and that it established no right against them in favor of any one. If the plaintiff had obtained judgment against those defendants only who were served, it may have been valid as to them; but inasmuch as the judgment is against all the defendants, including those not served, we are clear it should be set aside for the reason above stated. *Judgment reversed.*