HUNTER *v.* WAKEFIELD *et al.*

1. If in an action for a libel brought against several defendants the plaintiff recovers at all, the damages awarded must be for the same amount as to all of the defendants found liable. In a case of this kind, different sums cannot be assessed against different defendants.

2. Where, in such a case, there is a verdict for the plaintiff against some of the defendants for a given amount, and in favor of the other defendants, there can be no new trial between the plaintiff and the latter alone; but if a new trial is granted at all, it must be granted as to all the parties. Accordingly, all the defendants below are necessary parties to a bill of exceptions

sued out by the plaintiff for the purpose of obtaining a new trial; and if some of these defendants are not made such parties, the writ of error must be dismissed.

December 2, 1895·

Motion to dismiss writ of error.

*Goodwin & Westmoreland,* for plaintiff.
*Marshall J. Clarke,* for defendants.

LUMPKIN, Justice.

An action for a libel was brought by Hunter against Hagler & Co. (a firm composed of H. A. Hagler and Mattie Hagler), Henry D. Wakefield, and the Atlanta Newspaper Union, a corporation. Under the charge of the court, a verdict was rendered against Hagler & Co., of which they did not complain. The court directed a verdict in favor of the other defendants, and to· this the plaintiff excepted. Hagler & Co. were neither made parties to, nor served with, the bill of exceptions.

Upon the call of the case in this court, a motion was made to dismiss the writ of error, on the ground that H. A. Hagler and Mattie Hagler were necessary parties to the bill of exceptions, but had not in fact been made parties, nor served. In support of this motion, it was urged that the only relief possible under the bill of exceptions would be the granting of a new trial to the plaintiff in error as against Wakefield and the Atlanta Newspaper Union, and that the court could not grant this relief because it· could not disturb the verdict as to Hagler & Co., they not having moved for a new trial and not being now before the court. This contention was based upon the proposition that it would be necessary to set aside the verdict as to all the defendants below, if set aside as to any of them; for the reason that the law requires that in an action for libel, the same amount must be found against all the defendants, and not a different sum as against each. We think the motion to dismiss was well taken.

In *McCalla* v. *Shaw,* 72 *Ga.* 458, it was held, that

where two persons were sued jointly for a malicious arrest, the act on which the suit was predicated being the joint act of the two, each was responsible for the entire recovery; and consequently, a verdict for $300 against one of them, and $100 against the other, was illegal. It was further held in that case that, a new trial having been granted to that one of the defendants against whom the jury found $100, and the liability of the two being the same, the other defendant was also entitled to a new trial; and that section 3075 of the code, providing for the apportionment of damages by the jury in an action against several trespassers sued jointly, referred to trespasses on property, and not to actions for personal torts. The principle of that case controls the question in hand. Applying the rule there announced, it will be seen that where a verdict in a case of personal tort has been found for the plaintiff against some only of several joint defendants, and the plaintiff moves for a new trial against those of the defendants as to whom he failed to recover, if his motion is granted at all, the verdict in his favor against those of the defendants who were found liable must necessarily be set aside, for unless this be done, there might, upon a subsequent trial, be a finding for the plaintiff for a sum totally different from that already found, and thus there would result a recovery in one amount against some of the defendants, and a recovery in quite a different amount as against others of them. This would be directly contrary to the law as above announced.

In the present case, it is obvious that the verdict which the plaintiff obtained in the court below cannot be set aside, as the two defendants against whom it was rendered are not before this court, and no judgment we might render could in any way disturb that verdict, so far as they are concerned.                    *Writ of error dismissed.*