10338, 10339.    GILSTRAP *v.* LEITH; and *vice versa.*

STEPHENS, J. 1. While, in an action of tort against two defendants, based upon an alleged conspiracy to slander the plaintiff, a joint verdict finding both defendants liable in the same amount must stand or fall in its entirety as to both of them, an order setting the verdict aside as to one defendant only is, nevertheless, a valid order to that extent. It therefore follows that, having been set aside as to one defendant, the verdict must, on motion of the other defendant, be also set aside as to him. See, in this connection, *Hunter* v. *Wakefield,* 97 *Ga.* 543 (25 S. E. 347, 54 Am. St. R. 438); *McCalla* v. *Shaw,* 72 *Ga.* 458; *Simpson* v. *Perry,* 9 *Ga.* 509.

2. In such a case, where a defendant filed a plea of justification, admitting the use of the alleged slanderous language charged by the plaintiff, but alleging in justification thereof the truth of such charge, the burden is upon the defendant to sustain the plea by a preponderance of the evidence. A charge of the court that in order to sustain such plea the defendant must prove the plaintiff "actually" guilty, while standing alone and disconnected from the entire charge, is subject to the criticism that by the use of the word "actually" the court placed too heavy a burden upon the defendant, yet when taken in connection with the entire charge, where the jury were clearly instructed that it was only necessary to sustain the plea of justification by a preponderance of the evidence, such charge was not error.

3. Where the trial judge in his charge called the attention of the jury to several methods of impeaching witnesses, it was not error, in the absence of a special request, to fail to instruct the jury as to the rules governing the weight to be given to testimony; nor was it error, in the absence of such a request, to fail to instruct them as to other methods of impeachment of witnesses, where there was no evidence which would authorize such instruction.

4. The trial judge having given in charge to the jury substantially the provisions of the Civil Code (1910), § 5884, respecting the impeachment of witnesses, there was no error in the charge complained of in the 9th and 10th grounds of the amendment to the motion for new trial.

5. In charging the law upon the subject of conspiracy, an opinion that the objects of the alleged conspirators were unlawful was not expressed by the use of the following language: "In order to show a conspiracy it will not be necessary to show that the parties met together or entered into any specific or formal agreement, or that by words or writings they formulated their unlawful objects." "To declare the law applicable to a given state of facts is not an expression or intimation of an opinion as to whether any of the facts referred to do or do not exist in the case on trial." *Yarborough* v. *State*, 86 *Ga.* 396 (12 S. E. 650).

6. The rulings complained of in the remaining assignments of error, not abandoned, were either harmless or are not likely to occur on another trial of the case.

7. The cross-bill of exceptions filed by the defendant in error does not assign any error respecting any issue between the defendant in error and the plaintiff in error, but assigns error respecting only an issue between the defendant in error and one not a party to the main bill of exceptions. For this reason it cannot be maintained as a cross-bill of expections; and, not having presented within the statutory period, it cannot be entertained as a main bill of exceptions. Whether considered as a main bill of exceptions or as a cross-bill, the alleged cross-bill of exceptions must be dismissed. *McMullen* v. *Butler*, 117 *Ga.* 845 (45 S. E. 258).

*Judgment reversed on the main bill of exceptions. Cross-bill dismissed. Jenkins, P. J., and Smith, J., concur.*

Action for slander; from city court of Hall county—Judge Wheeler. December 14, 1918.

Mrs. Leith sued Carter and Mrs. Gilstrap, alleging that they conspired together to slander the plaintiff. A verdict was rendered against both defendants. Their motion for a new trial was sustained as to Carter, upon the ground that one of the jurors was disqualified; but it was overruled as to Mrs. Gilstrap, and on January 11, 1919, within the time allowed by law, she excepted to the order overruling the motion as to her, and in her bill of exceptions named Mrs. Leith as defendant in error. Mrs. Leith, on January 17, 1919, more than 30 days after the date of the order overruling the motion for new trial, filed a cross-bill of exceptions, complaining only of the grant of a new trial to Carter, and naming him and Mrs. Gilstrap as defendants in error. Carter moved to dismiss the cross-bill of exceptions, on the ground that, as he was not a party to the main bill of exceptions, a cross-bill of exceptions could not be maintained as to him.

*C. R. Faulkner, Oscar Brown, W. H. Oliver, W. A. Charters,* for Mrs. Gilstrap.

*Sloan & Sloan,* contra.