38850.   CROWE v. FISHER.

DECIDED OCTOBER 31, 1961.

*Wayne Snow, Jr., Frank M. Gleason,* for plaintiff in error.

*John E. Wiggins, Wood, Wheat & Parker, Robert Wheat,* contra.

FRANKUM, Judge. There was no appeal from the judgment setting aside the judgment as to the minor defendant Joe Crowe. The sole question for our consideration is whether the single judgment rendered against Louise Crowe and Joe Crowe based upon a tort action must be set aside as to Louise Crowe, since it has been set aside as to Joe Crowe. Under the common law a judgment was regarded as an entirety which must stand or fall in toto. 143 A.L.R. 7; 39 Am. Jur. 49, New Trial, § 25; 3 Am. Jur. 694, Appeal & Error, § 1186.

In *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 817 (108 SE2d 561), the Supreme Court of this State, in a unanimous decision, held: " . . . a verdict and judgment rendered against two or more joint tortfeasors is single and indivisible,

and must stand or . . . fall in toto.". See also cases therein cited.

Defendant in error contends that the rulings in *Kitchens v. Hutchins*, 44 Ga. 620, and *Stanford v. Bradford*, 45 Ga. 97, require a holding that a judgment against two defendants in a suit based upon an action sounding in tort may be set aside as to one without affecting the validity of the judgment against the other defendant. In 1820 the legislature modified the common-law rule with reference to actions against joint contractors. This statute has been codified as *Code* § 3-301, which provides, in part: "When two or more joint contractors, or joint and several contractors, or copartners shall be sued in the same action, and service shall be perfected on one or more of said contractors or copartners, and the officer serving the writ shall return that the rest are not to be found, plaintiff may proceed to judgment and execution against the defendants served with process, in the same manner as if they were the sole defendants; . . ."

In *Sanders v. Etcherson*, 36 Ga. 404, the court specifically made reference to the act of 1820 (now *Code* § 3-301) as authority for its holding. Each of the above mentioned cases relied upon by the defendant in error originated out of a suit on contract and are, therefore, distinguishable from the rule governing the instant case. Our decision in this case is controlled by *Southeastern Truck Lines v. Rann*, 214 Ga. 813, 817, supra, and cases cited therein.

Defendant in error contends that since the defendant Joe Crowe was not served with copy of process and petition, he was not a party to the suit; however, this defendant is a party to the judgment regardless of whether he was a party to the suit.

In *Harralson v. McArthur*, 87 Ga. 478, 481 (13 SE 594, 13 LRA 689), it was stated: "This was an action against several defendants, including the plaintiff in error, some of whom were not served at all and never had their day in court. The verdict and judgment being a joint one in favor of the plaintiff against all the defendants, ought not to stand. . . If the plaintiff had obtained judgment against those defendants only who were served, it may have been valid as to them; but inasmuch as

the judgment is against all the defendants, including those not served, we are clear it should be set aside."

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*