39944. SMITH et al. v. BARNETT, by Next Friend, et al.

DECIDED MAY 8, 1963—REHEARING DENIED MAY 28, 1963.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, Grady Vandiviere, J. Douglas Stewart,* for plaintiffs in error.

*Barry Phillips, Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Thomas A. Rice,* contra.

JORDAN, Judge. 1. The defendants in error have filed a motion to dismiss the writ of error on the ground that the transcript of record was not certified and transmitted to this court within 20 days of the filing of the bill of exceptions with the clerk of the court, and that the transcript of record had not been properly

certified to as being true by the clerk of the trial court, as required by *Code Ann.* § 6-1001. Art. VI, Sec. II, Par. V of the Constitution of 1945 (*Code Ann.* § 2-3705) provides as follows: "No writ of error shall be dismissed because of delay in transmission of the bill of exceptions and the copy of the record, or either of them, resulting from the default of the clerk or other cause, unless it shall appear that the plaintiff in error or his counsel caused such delay." The original certificate of the clerk did not affirmatively disclose the cause for the delay in transmitting the transcript of record to this court and in a supplemental certificate filed by the clerk, see *Rutherford v. Tidwell,* 103 Ga. App. 557, 558 (120 SE2d 38), the clerk certified that said delay was not occasioned by the intervention of plaintiffs in error or their counsel. Accordingly, since it does not affirmatively appear from the clerk's certificate that the delay in the transmission was caused by plaintiffs in error or their counsel, and since the certificate of the clerk is in substantial compliance with the provisions of *Code Ann.* § 6-1001 as to the correctness of the record certified, the motion to dismiss is without merit.

2. The evidence adduced on the trial of this case was sufficient to authorize the verdict rendered, and the defendants' motion for judgment notwithstanding the verdict and the general grounds of the motion for new trial are without merit. The jury in this case was authorized to find, inter alia, that Mrs. Smith crossed over the center line of the highway and entered the left or oncoming lane of traffic at a point approximately 20 feet north of the intersection at which she planned to make a left turn, in violation of *Code Ann.* § 68-1644 (b), which prescribes the procedure for making left-hand turns on two-way roadways; and that the violation of said Code section, which would constitute negligence per se, contributed to the proximate cause of the plaintiff's injuries.

3. Special ground 1 of the amended motion for new trial complains that the court erred in giving in charge to the jury the provisions of *Code Ann.* § 68-1634 which provide that drivers of vehicles proceeding in opposite directions shall pass each other to the right, it being contended by the defendants that this section does not apply in the case of a collision occurring at an

intersection where one of the parties is making a left turn. This contention has been decided adversely to the position of the defendants in *Pulliam v. Casey*, 93 Ga. App. 324, 327 (2) (91 SE2d 807), and this ground is without merit.

4. Under the facts and circumstances of this case, it was proper for the trial court to give in charge to the jury the principles of law embodied in *Code Ann.* § 68-1651 which provides as follows: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this law, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn." While the evidence was in sharp conflict as to whether the Thomas automobile was in a position where it could be seen by Mrs. Smith at the time she commenced to make the left turn, the jury was authorized to find that it was and that Mrs. Smith was negligent in attempting to make the turn in the presence of the oncoming Thomas automobile in violation of the provisions of this Code section. Special ground 4, which contends that said charge was unauthorized by the evidence, is without merit.

5. The trial court did not err, as contended in special ground 6, in giving in charge to the jury the provisions of *Code Ann.* § 68-1633 (a) which enumerate the exceptions to the rule that all vehicles shall be driven on the right side of the roadway; nor did the court, as further contended in the same ground, err in failing to charge the jury as to the provisions of subsection (b) of this Code section. The collision in this case occurred between vehicles proceeding in opposite directions; whereas, it is the intent and purpose of subsection (b) of *Code Ann.* § 68-1633 to facilitate the movement of traffic proceeding in the same direction by providing that vehicles proceeding at less than the normal rate of traffic under the existing circumstances shall be driven in the right-hand lane then available for traffic (where there are two or more lanes of traffic proceeding in the same direction) or as near

the right-hand curb as practical (where there is only one lane of traffic). *Code Ann.* § 68-1633 (b) was not applicable to the facts of this case and it was not error to omit its provisions from the charge to the jury.

6. As pointed out in Division 2 of the opinion the jury was authorized to find that Mrs. Smith, in making the left turn at the intersection in question, violated the provisions of *Code Ann.* § 68-1644 (b) which prescribe the procedure for making left-hand turns; and special ground 7, which contends that the evidence did not authorize the giving of this Code section in charge to the jury, is without merit.

7. Likewise, it was not error, as contended in special ground 8, for the court to give in charge to the jury the principles of law embodied in the following portion of *Code Ann.* § 68-1647 (a): "No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 68-1644, to turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." The failure of the trial court to give in charge to the jury that part of *Code Ann.* § 68-1647 (a), prohibiting the making of turns without the giving of appropriate signals, was favorable to the defendants; and its omission from the charge relating to said section was not error as contended in this ground.

8. Special ground 9 assigns error on the excerpt from the charge, embodying the provisions of *Code Ann.* § 68-1637(b1) which prohibit the driving of vehicles to the left side of the roadway on approaching the crest of a grade or upon a curve, where the driver's view is obstructed, it being contended by the defendants that said Code section is inapplicable where the driver of one vehicle is intending to make a left turn at an intersection. While the provisions of this Code section would necessarily be inapplicable to one making a lawful and proper left turn at an intersection which happened to be located upon the crest of a grade or a curve, the jury was authorized to find that Mrs. Smith was not making a lawful turn, she having crossed the center of the highway before reaching the intersection in violation of *Code*

*Ann.* § 68-1644 (b) ; and it was not error to give this provision of law in charge to the jury. See Division 3 of the opinion.

9. Under the rulings of this court in Division 3 of the opinion in the companion case of *Thomas v. Barnett,* 107 Ga. App. 717, supra, the excerpts from the charge of the court complained of in special grounds 10 and 11 were not erroneous for any reasons assigned; and these grounds are without merit.

*Judgment affirmed. Nichols, P.J., and Frankum, J., concur.*

ON MOTION FOR REHEARING.

It is insisted by plaintiffs in error on motion for rehearing that, irrespective of the merits of the assignments of error in this case, this court must reverse the judgment of the trial court and order a new trial because the companion case of *Thomas v. Barnett,* brought by the joint defendants in the trial court, has been reversed on a special ground of the amended motion for new trial and a new trial granted to those defendants. The movants argue in this respect that the trial jury by returning a joint verdict against all defendants found them to be joint tortfeasors and that under the decision of the Supreme Court in *Southeastern Truck Lines, Inc. v. Rann,* 214 Ga. 813, 817 (108 SE2d 561), ". . . a verdict and judgment rendered against two or more joint tortfeasors is single and indivisible, and must stand or  . . .  fall in toto."

This position is unavailing to the movants under the record before the court. While a joint verdict and judgment was rendered against the defendants Smith and the defendants Thomas in the trial court, the two sets of defendants separated the case on appeal by filing separate motions for new trial based on different grounds, and separate bills of exceptions; and the defendants Smith cannot now in this court seek to rely on assignments of error made by the defendants Thomas in their case which were not made by them in the present case. Nor can they secure a reversal of this case by this court on issues not raised and passed upon in the trial court. The ruling in the *Rann* case, as in the other cases cited therein, was predicated upon appropriate action being initiated in the trial court (in that case a joint motion by the defendants to set aside the verdict and judgment and a joint appeal from the order denying the same). In our opinion the

principle of law that a joint verdict against joint tortfeasors is single and indivisible and must stand or fall in toto is unavailing in the absence of the pursuance of appropriate remedies in the trial court to effectuate the same.

*Motion for rehearing denied.*