40460. SMITH et al. v. BARNETT, by Next Friend, et al.

BELL, Presiding Judge. The bill of exceptions here questions the validity of the trial court's order refusing to grant a motion to vacate a joint verdict and judgment and order a new trial for some defendants when the other codefendants in the same case were to be the recipients of these benefits by a judgment of the Court of Appeals.

This appeal is brought by one group of codefendants in a suit who, on a previous appeal brought separately from the other codefendants, were denied a new trial. *Smith v. Barnett*, 107 Ga. App. 849 (132 SE2d 139). The other codefendants in their appeal were granted a new trial on a ground not asserted by the Smiths. *Thomas v. Barnett*, 107 Ga. App. 717 (131 SE2d 818). The *Thomas* case is the precedent. For this reason the court in *Smith* carefully considered *Thomas* and correctly decided on the basis of jurisdiction that it could not go outside the record in *Smith* and grant a new trial even though codefendants in a joint verdict and judgment were given a new trial by this court in another appeal based on a separate record.

The defendant in error urges that antecedent rulings unexcepted to are now the law of the case referring, of course, to the affirmance in *Smith* of the trial judge's refusal to grant a new trial. This principle, however, has no relevancy with respect to the one point now before us. The exception here is to the failure of the trial court, on motion properly presented, to set aside the joint verdict and judgment against *all* of the codefendants and to order a new trial as to all of them. The motion was filed with the trial court after the remittiturs in each case had revested jurisdiction in that court. The motion recounts that a new trial in effect was ordered by the Court of Appeals in *Thomas* which entails a setting aside of the verdict and judgment as to some of the codefendants in the joint verdict and judgment; and since the verdict and judgment are indivisible as to all of the codefendants and must stand or fall in toto as to all, the remaining defendants are entitled to the same relief. This ruling denying the motion presents the only question before us. There is no law of the case as to it. Proper exceptions have been brought protesting its legality.

As Judge Jordan stated in *Smith v. Barnett*, 107 Ga. App. 853-

854, supra, "the principle of law that a joint verdict against tortfeasors is single and indivisible and must stand or fall in toto is unavailing in the absence of the pursuance of appropriate remedies in the trial court to effectuate the same." Obviously responsive to this expression, these appellants did pursue an appropriate remedy in the trial court by filing their motion to set aside the verdict and judgment as to *all* of the defendants and to order a new trial for all. This motion served to evoke the holding in the case of *Southeastern Truck Lines, Inc. v. Rann,* 214 Ga. 813, 817 (108 SE2d 561) that "a verdict and judgment rendered against two or more joint tortfeasors is single and indivisible, and must stand or, as in this case, fall in toto." Under the mandate of that authority, the trial court erred in refusing to grant the motion to vacate the verdict and judgment as to all of the codefendants and to order a new trial as to all of them.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

DECIDED JANUARY 21, 1964—REHEARING DENIED
FEBRUARY 14, 1964.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, Grady Vandivere,* for plaintiffs in error.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Thomas A. Rice, Barry Phillips,* contra.