## 47493. AMMONS et al. v. HORTON et al.

ARGUED SEPTEMBER 12, 1972 — DECIDED FEBRUARY 8,
1973 — REHEARING DENIED FEBRUARY 27, 1973 —

*J. S. Hutto & Associates, Eugene Highsmith, J. S. Hutto,* for appellants.

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, Cowart, Sapp & Gale, Georgia B. Cowart,* for appellees.

PANNELL, Judge. Mr. and Mrs. O. F. Ammons, Sr., instituted a tort action against R. L. Horton, Jr., doing business as Horton Electric Company, Mr. and Mrs. Henry Smith, doing business as Townhouse Interiors and Greyhound Lines, Inc., seeking recovery for damages sustained as a result of the concurring negligence of the defendants. The jury returned a verdict against all the defendants. Horton, the Smiths, and the Greyhound Lines brought separate appeals to this court seeking judgments n. o. v., or in the alternative, new trials, motions for which had been overruled by the trial court. This court, in a single opinion dealing with all three

cases, reversed the trial judge for refusing to grant the judgment n. o. v. of Greyhound Lines, Inc., but affirmed the trial judge in his denial of the motions for judgment n. o. v. and motions for new trial of Horton and the Smiths. See *Horton v. Ammons,* 125 Ga. App. 69 (186 SE2d 469). In accordance with the procedure used in *Smith v. Barnett,* 109 Ga. App. 142 (135 SE2d 435) and s. c., 107 Ga. App. 849, 853 (132 SE2d 139), upon the remittitur from this court being made the judgment of the trial court, both Horton and the Smiths filed a motion to set aside and vacate the verdict and judgments rendered against them and for the grant of a new trial on the theory that they were entitled thereto, because of various rulings by this court and the Supreme Court, that such a judgment is joint and that where the judgment falls as to one of the joint tortfeasors, it falls as to all, relying primarily upon the decisions of this court in *Eckerd-Walton, Inc. v. Adams,* 126 Ga. App. 210 (190 SE2d 490); *Southeastern Truck Lines v. Rann,* 214 Ga. 813 (108 SE2d 561); *Tedlie v. Dill,* 3 Ga. (Kelly) 104; *Finley v. Southern R. Co.,* 5 Ga. App. 722 (3) (64 SE 312); and *Mullis v. Chaika,* 118 Ga. App. 11 (162 SE2d 448), and *Bracewell v. Bracewell,* 111 Ga. App. 759, 760 (143 SE2d 10); also, *Smith v. Barnett,* 109 Ga. App. 142, supra; all of which will be analyzed and discussed in this opinion. The trial judge granted the motion for new trial of Horton and the Smiths, and granted a certificate of review. In our opinion, the trial judge erred.

All of the above cases, with the exception of the *Adams* cases (126 Ga. App. 210), involve the grant of a motion for new trial or motion to set aside a judgment on *grounds other than lack of liability under the evidence.* In the *Adams* cases (126 Ga. App. 210) the trial judge was reversed for failing to grant Eckerd-Walton, Inc.'s motion for judgment non obstante veredicto and was affirmed as to the others, but the court gave direction that a new trial be given the other defendants,

apparently on the theory that the judgment was indivisible.

It is our opinion that this court in the *Adams* cases (126 Ga. App. 210), in granting the motion for a new trial of the other defendant tortfeasor on the ground that having released one of them from the judgment on the merits, the other was entitled to a new trial gave an erroneous reason; however, since there were ample reasons for granting such other party a new trial in that case, other than the reason stated, the judgment was correct. In the very case cited to sustain the ruling in the *Adams* cases (*Smith v. Nelson,* 123 Ga. App. 712 (182 SE2d 332)), separate appeals decided in the same opinion, this court, speaking through Judge Eberhardt, said (p. 728, ftn. 3): "A more accurate way of stating the rule, perhaps, is that where the jury is authorized to find *joint liability* if a new trial is to be granted to one the indivisible character of the judgment requires that it be granted to all; but if there is a finding of *no liability* as to one defendant, a reversal as to him does not require a new trial as to others."

It is insisted, however, by the appellee that the rulings made without qualification contained in some of the decisions of both this court and the Supreme Court of this state to the effect that a judgment against joint tortfeasors being entire and indivisible must stand or fall in toto, and therefore, the setting aside of the judgment as to one of them requires the setting aside of the judgment as to all the others. It is the opinion of this court that this is not an absolute rule but the indivisibility of the judgment results only, and is applicable only, where there is to be a new trial as to some of the tortfeasors or where some of the tortfeasors, against whom a judgment has been rendered, are released therefrom for reasons other than on the merits, as shown by the evidence in the case, such as lack of venue, death of a party prior to judgment, lack of service, etc.; or where the release of less

than all the joint tortfeasors, because of lack of liability under the evidence would also, as a matter of law, prevent the remaining tortfeasor or tortfeasors from being liable on the merits in the case, such as where the sole basis for a claim against the remaining tortfeasor or tortfeasors is on the doctrine of respondeat superior, and it is the agent or servant who is released from the joint verdict and judgment on the merits under the evidence. A review of the history of the rule and an examination of the rulings in the cases cited to sustain the more recent cases, we believe, will conclusively show the correctness of this statement, and that the remaining joint tortfeasors are not entitled to a new trial where one of them is adjudged not liable on the merits by a motion for judgment notwithstanding the verdict.

In the case of *Tedlie v. Dill,* 3 Ga. (Kelly) 104, supra, a judgment was entered against three joint tortfeasors when one of them was dead at the time. A motion was made in the trial court "To set aside the judgment as erroneous, upon the ground, that the action being joint as well as the judgment, and being bad as to one, it should be reversed as to all; . . ." On appeal to the Supreme Court of this state it was held: "We are of the opinion, that the court erred in refusing . . . this motion. A judgment, as being an entire thing, cannot be reversed in part and stand good as to the other part, or be reversed as to one party and remain good against the rest. Hob. 90; Carth. 235. If judgment is entered against joint defendants when one of them is dead, the judgment shall be reversed for error as to all of them; for in such case, if the plaintiff proceed, it is at his peril; he ought to make a special entry of the death of the party, namely, to suggest it on the record, with nihil ulterius versus cum fiat and then take judgment only against the others. Id. 149." And immediately thereafter the following: "Whether this judgment be amendable under the Statute of Jeofails, 17 Charles II., AD 1665, I will not undertake to say. Like all

remedial acts, and especially those relating to *amendments,* it should be construed liberally. From the case of Hooe v. Barber et al., 4 Hen. & Munf. 439, it would seem that the judgment might be set aside as against the deceased defendant, and stand good as to the other, the proper entries having been made nunc pro tunc, in order to perfect the record and preserve its symmetry. See also Newnham and another against Law 5 T. R. 577."

It appears, therefore, that a new trial would not necessarily follow as to the other tortfeasors for the reason that the trial judge could set aside the judgment as to the deceased defendant and let it stand good as to the others, "the proper entries having been made nunc pro tunc" such as a dismissal as to the dead defendant, "in order to perfect the record and preserve its symmetry." A judgment notwithstanding the verdict can very readily be compared as a nunc pro tunc order directing a verdict on motion made prior to judgment, as under Section 50 of the Civil Practice Act, as amended, (Code Ann. § 81A-150) the trial judge, when he denies the motion to direct a verdict, "is deemed to have submitted the action to the jury subject to later determination of the legal questions raised by the motion." Of course a judgment notwithstanding the verdict does not actually change the verdict, it merely enters a judgment notwithstanding the verdict, so as to avoid the application of the old rule that it was error to direct a verdict and was never error to refuse to direct a verdict, and the constitutional problems involved therein (5A Moore's Federal Practice, § 50.01 [9] p. 2308; Id., § 50.07, p. 2351 et seq.), as well as to eliminate a new trial.

Where two or more are jointly sued as joint tortfeasors "the jury are to assess the damages against all defendants jointly, according to the amount which in their judgment, the most culpable of the defendants ought to pay." *Simpson v. Perry,* 9 Ga. 508, 509. Since, under our

practice, a jury could not find different verdicts against the joint tortfeasors, it was accordingly held that when a jury rendered verdicts in different amounts against the defendants in a tort action ($300 against one defendant, and $100 against the other defendant) it was error to receive the verdict, and that "it would seem to follow that if [one] was entitled to have a new trial, as awarded in this case, then [the other] should likewise have a new trial, *as his liability* and responsibility were precisely that of [the one] in this action." (Emphasis supplied.) *McCalla v. Shaw,* 72 Ga. 458, 460.

In *Hunter v. Wakefield,* 97 Ga. 543 (25 SE 347, 54 ASR 438), after referring to the *McCalla* case, the Supreme Court said, *"The principle of that case controls the question at hand.* Applying the rule there announced, it would seem that where a verdict in a case of personal tort has been found for the plaintiff against some only of several joint defendants, and the plaintiff moves for a new trial against those of the defendants as to whom he failed to recover, if his motion is granted at all, the verdict in his favor against those of the defendants who were found liable must necessarily be set aside, *for unless this be done, there might, upon a subsequent trial, be a finding for the plaintiff for a sum totally different from that already found, and thus there would result a recovery in one amount against some of the defendants, and a recovery in quite a different amount as against others of them. This would be directly contrary to the law as above announced.* " (Emphasis supplied.)

In *Harrelson v. McArthur,* 87 Ga. 478, 481 (13 SE 594, 13 LRA 689) it was ruled: "This was an action against several defendants, including the plaintiff in error, some of whom were not served at all and never had their day in court. The verdict and judgment being a joint one in favor of the plaintiff against all the defendants, ought not to stand. *Those who were not served of course are not bound by it, and this fact would effectually prevent the*

*plaintiff in error, in case she satisfied the judgment, from having her right to contribution from all her co-defendants.* In the event she should demand such contribution, they would only have to reply they were not bound by the judgment at all, and that it established no right against them in favor of any one. If the plaintiff had obtained judgment against those defendants only who were served, it may have been valid as to them; but inasmuch as the judgment is against all the defendants, including those not served, we are clear it should be set aside *for the reason above stated."* (Emphasis supplied.)

In *Gilstrap v. Leith,* 24 Ga. App. 720 (1) (102 SE 169) this court held: "While, in an action of tort against two defendants, based upon an alleged conspiracy to slander the plaintiff, a joint verdict finding both defendants liable in the same amount must stand or fall in its entirety as to both of them, an order setting the verdict aside as to one defendant only is, nevertheless, a valid order to that extent. It therefore follows that, having been set aside as to one defendant, the verdict must, on motion of the other defendant, be also set aside as to him. See in his connection *Hunter v. Wakefield,* 97 Ga. 543 (25 SE 347, 54 ASR 438); *McCalla v. Shaw,* 72 Ga. 458; *Simpson v. Perry,* 9 Ga. 509."

At this point, it would seem that the *indivisibility* of a judgment against joint tortfeasors *occurs only* when the alleged joint defendants remain liable or their liability is still in issue, or may be placed in issue by perfecting service upon them or their representatives in a proper jurisdiction.

We find nothing to the contrary was held in the case of *Finley v. Southern R. Co.,* 5 Ga. App. 722 (64 SE 312). While that case uses some of the strong language about the indivisibility of such judgments, an analysis of the holding in that case actually confirms our conclusions just stated. In that case, Finley sued the railroad, Turner the yardmaster and Hagan the assistant yardmaster.

After verdict against the three defendants, a motion for new trial of the defendants was granted by the trial judge and the plaintiff appealed. The trial judge, in his order granting the motion for new trial, entered the following order (p. 723): "The only negligence complained of in this suit and charged to have caused the plaintiff's injury is that of the two individual defendants, of the railroad company through their conduct. There is no complaint of the engineer's negligence,—such an allegation would have made a severable cause of action, and the court would not have charged that the verdict must be against all or none. Under the pleading the defendant railroad company was not called upon to defend as to the engineer's negligence. As I regard it, it is not a question of variance between the pleading and the evidence,—the evidence was all admissible to show how the accident occurred, and it completely disproves the negligence alleged. I do not see how the plaintiff can recover on this pleading, on the evidence in the record. I believe for this reason the law requires the grant of a new trial; and it is so ordered."

The appellant proposed that the Supreme Court, on the appeal (p. 724), "direct the court below to pass upon the verdict, subject to right directions received therefrom as to the law, and if, subject to these directions, he approves, the verdict be allowed to stand." After determining the right of the appellate courts to give directions, which was much broader than that of the trial court, as to the disposition of cases, it was then held (pp. 727, 728): "We are of the opinion that the trial judge properly granted a new trial, though not for the precise reasons stated by him, and that he should have granted a new trial (even conceding the strongest contentions of the plaintiff in error to be well taken), for the reason, as stated in the judgment, that *the verdict, as construed with the pleading in the case, can not be supported by the evidence. . . .* The company might be liable for the negligence of its engineer in suddenly crashing his engine

into a line of box-cars, thereby causing a violent and dangerous collision. The company would be liable if, under the general direction of Turner and Hagan, or of either of them, this had happened through any inattention on their part in the conduct of the company's business; but Turner and Hagan themselves would not be individually liable, unless they ordered the movement which caused catastrophe. There is no evidence which authorized the finding of the verdict against these two defendants; and as the court did not have the right to strike them either from the verdict or from the judgment (*Irwin v. Riley,* 68 Ga. [605], 608), the court was required to set aside the verdict as to them, and also as to their codefendant. From this it results that there is no reason why the judgment of the lower court should be reversed. If that court released Hagan and Turner from the jury's finding, as it should have done, the verdict's confining circle was broken as to all included therein. A single chain had fastened the three defendants together, and when the chain was broken and two of the prisoners were released, the third was unconfined, regardless of whether a portion of the chain might still be on his person." (Emphasis supplied.)

(It may be well to note at this point that the statement quoted above that the trial court "did not have the right to strike" Turner and Hagan from the verdict and judgment, citing *Irwin v. Riley,* 68 Ga. 605, supra, refers to the lack of power of the lower court to refuse a new trial on the condition that a plaintiff release or cancel the judgment as to one of the defendants as to whom the evidence failed to support the verdict, which direction however, in that case, was done by the Supreme Court on appeal following *Davis v. Gurley,* 51 Ga. 74, ordering a new trial as to all defendants unless plaintiff dismissed his suit against the one defendant and "on the plaintiff complying with this order the judgment of this court refusing a new trial" as to the other defendants "will

stand affirmed." See *Irwin v. Riley,* 68 Ga. 605, 608.

On motion for rehearing in the *Finley* case, it was contended that this court had overlooked its power of direction as set forth in *Irwin v. Riley,* 68 Ga. 605, supra, the plaintiff-appellant apparently seeking direction that the grant of the new trial as to Southern R. Co. be reversed and affirmed as to the two servants.

In responding to this contention and the request made this court said: "In passing upon this case, we dealt at some length with the question of the Court of Appeals' directory power, and think we made clear that this court possesses, in any proper case, the power to give final disposition to a case. *We did not lose sight of the fact that it was within the power of the court to give the present case the disposition now sought by the plaintiff in error in his motion for rehearing;* and while, incidentally to our discussion of the subject, we quoted from the request of the plaintiff in error, as embodied in the brief, we did not mean to hold, nor can it be inferred that the court did hold, that in giving direction to a cause, the exercise of its power is limited to the request of either or both of the parties. The direction to be given should be that which is right and proper in the particular case. *After a careful consideration of the motion for rehearing, this court reiterates its opinion, and holds that there is not only no reason why this court should direct a final disposition of the case, but manifest reasons why it should not overrule the discretion of the trial judge in granting a new trial. As heretofore pointed out, it appears that the judge of the city court exercised his discretion in passing upon the motion for new trial. The new trial ordered is the first grant of a new trial."* (Emphasis supplied.) Then applying the rule in such cases the court said: "We can not say that the verdict rendered against the Southern Railway Company was demanded by the evidence; *and that the judge would have erred in granting a new trial if he had possessed the power (which this court has) to eliminate the other two*

*defendants, Hagan and Turner, from the judgment. If we could say this, we would feel it our duty to direct that Hagan and Turner be stricken from the judgment, and that judgment be entered up in the city court against the defendant railway company in accordance with the finding of the jury against it. As we can not say that the verdict was demanded as to any of the defendants in this case, to direct a judgment which would effect a final disposition of the case would be an arbitrary invasion and overruling of the discretion of the trial judge, which would not be proper on the part of this court,* except in a case where the trial judge had palpably abused his discretion in granting a new trial, and where the finding reached was the only lawful conclusion from the evidence." (Emphasis supplied.) It is apparent, therefore, that this case actually supports our position rather than opposing it.

In *Southeastern Truck Lines v. Rann,* 214 Ga. 813 (108 SE2d 561) three alleged joint tortfeasors were sued and one of them was a resident of the county in which the suit was brought. The other two, the truck lines and an individual, were non-resident. The jury found a verdict in favor of the resident defendant and found in favor of the plaintiff as against the non-resident defendants. The non-resident defendants filed a motion to set aside the judgment as to them "on the ground that, when the jury determined that the resident defendant was not liable, such determination established, as a matter of law, that the court had no jurisdiction over the non-resident defendants." P. 814. The trial court overruled the motion and on appeal the Supreme Court held the Southeastern Truck Lines, Inc. was released from the effect of the judgment because of lack of venue and reversed as to the truck line. Let us note here that *the Southeastern Truck Lines, Inc., was not released from the effect of the judgment because there was no liability on the merits, but solely on the question of venue.* The Supreme Court then

held (p. 817): "Since we have already held that the judgment must be set aside as having been erroneously entered against the defendant Southeastern Truck Lines, Inc., it is unnecessary to determine whether the court could retain jurisdiction over the defendant Landis, to enter judgment against him after the resident defendant was discharged of liability, under the provisions of the 1955 and 1959 amendments to the Non-Resident Motorist Act, supra; or to consider the question of the constitutionality of said act if it be so construed; for a verdict and judgment rendered against two or more joint tortfeasors is single and indivisible, and must stand or, as in this case, fall in toto. *Finley v. Southern R. Co.,* 5 Ga. App. 722 (3) (64 SE 312); *Gilstrap v. Leith,* 24 Ga. App. 720 (1) (102 SE 169); *McCalla v. Shaw,* 72 Ga. 458; *Harralson v. McArthur,* 87 Ga. 478 (2) (13 SE 594, 13 LRA 689); *Hunter v. Wakefield,* 97 Ga. 543 (2) (25 SE 347, 54 ASR 438)." It appears, therefore, that nothing in that case rules contrary to what we are holding here, as the application of the rule of the indivisibility of the judgment was properly applied in that case.

While we concede that the appellate court, when it finds the evidence insufficient as to one of the alleged joint tortfeasors, if it grants a new trial to one of the joint tortfeasors (which can be done on motion for judgment notwithstanding the verdict, rather than entering a judgment for one) a new trial must be granted to the others (*Hendricks v. Henderson,* 38 Ga. App. 298 (143 SE 777); *Gilstrap v. Leith,* 24 Ga. App. 720, supra; *Mullis v. Chaika,* 118 Ga. App. 11 (12), supra; *Bracewell v. Bracewell,* 111 Ga. App. 759, 760, supra; *Smith v. Barnett,* 109 Ga. App. 142, supra; s. c., 107 Ga. App. 849, 853, supra; *Smith v. Nelson,* 123 Ga. App. 712, supra) yet, if the appellate court, for the same reason directs the dismissal of the action as to one it is not bound to grant a new trial to the other joint tortfeasor on the theory that the judgment is indivisible. *Austin v. Appling,* 88 Ga. 54 (6)

(13 SE 955), and Note 3 in *Smith v. Nelson*, 123 Ga. App. 712, 718, supra, and other cases cited therein. Nor is it bound to do so in cases of respondeat superior where there is a judgment against the master and servant, as such judgment may be reversed as to the master and a new trial granted to the master and affirmed as to the servant.

We therefore conclude the trial court erred in granting the motions for new trial of Horton and the Smiths.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*