### 37162. LOGAN *v.* TURNER.

Decided June 23, 1958—Rehearing denied July 11, 1958.

*George T. Manley, Frank A. Bowers,* for plaintiff in error.

*Hewlett, Dennis, Bowden & Barton, Sam D. Hewlett, Jr.,* contra.

FELTON, Chief Judge. The action was brought and prosecuted against the defendant as an individual for an alleged partnership indebtedness. While recovery cannot be had against a partner individually for a partnership obligation, even where the other partner is bankrupt (*Champion* v. *Wilson & Co.,* 64 *Ga.* 184, 191), a demurrer is necessary to reach such a defect where it appears on the face of the petition (*Bray* v. *Peace,* 131 *Ga.* 637 (2), 62 S. E. 1025), and since no such demurrer was filed in the instant case, we must treat the case as tried, and since the case was cast and tried against the defendant as an individual, every facet of the case must be considered in this light.

The plaintiff called Howard L. Logan, the alleged partner of the defendant, for the purpose of cross-examination. Over the objection of the defendant, Howard L. Logan was permitted to testify under cross-examination by the plaintiff's counsel. This was harmful error. It is contended by the plaintiff that he was authorized by Code (Ann.) § 38-1801 to call Howard L. Logan for the purpose of cross-examination since the "partner was present in court and available to the defendant as a witness." "Present and available" are not the criteria for determining the qualification of a witness for cross-examination under Code (Ann.) § 38-1801. A person not a party may be called for such purpose only if such person is one for whose immediate benefit such suit is prosecuted or defended or is an agent of said party or agent of any person for whose immediate benefit such suit is prosecuted or defended or is an official or agent of a corporation when a corporation is such party, or for whose benefit such suit is prosecuted or defended. Since Howard L. Logan was not an agent of the defendant individually and since the action was not

prosecuted or defended for his immediate benefit and since he was not an agent of any person for whose immediate benefit the suit was prosecuted or defended he was not qualified as a witness for cross-examination under Code (Ann.) § 38-1801.

The case of *Garmon* v. *Cassell,* 78 *Ga. App.* 730, 739 (52 S. E. 2d 631) is not authority for the proposition that a person may be called as a witness for the purpose of cross-examination under Code (Ann.) § 38-1801 merely because he is present in the courtroom and available to the opposite party as a witness. The holding in that case was merely to the effect that the word "agent" as contained in Code (Ann.) § 38-1801 was not restricted to an agent who had some relation to or connection with the transaction under investigation.

The court erred in denying the defendant's amended motion for a new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*