37636. WASHINGTON *v.* KEMP *et al.*

DECIDED MAY 28, 1959.

636

*Burt & Burt,* for plaintiff in error.

*George L. Sabados, Perry, Walters & Langstaff, H. H. Perry, Jr.,* contra.

FELTON, Chief Judge. ■ This case arises out of the same occurence as *Washington* v. *Kemp,* 97 *Ga. App.* 235 (102 S. E. 2d 910), wherein it was held that the trial court did not err in overruling the general demurrers to the petition of Mrs. T. A. Kemp, wife of the present plaintiff, seeking to recover for injuries sustained while driving the automobile in which the present plaintiff was riding as a passenger.

The undisputed portion of the evidence shows that on the late afternoon of December 23, 1956, the plaintiff was traveling as a passenger in the automobile owned and driven by his wife. While proceeding in a northerly direction along the highway from Newton to Albany, at about 5:45 p.m., they encountered the automobile of the defendant Washington stopped on the right side of the roadway about 300 to 400 yards south of the intersection of said highway and Slappey Drive, near the Albany city limits. The plaintiff's wife thereupon came to a full stop in the right-hand lane of the highway and another automobile driven by Weldon Hayes stopped behind her car, both cars being unable to cross over into the southbound lane due to oncoming traffic. Thereafter, a fourth automobile driven by the defendant John Lee Jones approached the stopped automoblies from the rear at a speed estimated at 85 miles per hour and collided with the rear of the Hayes car, knocking it forward into the rear of the car in which the plaintiff was riding, and causing him certain injuries.

The plaintiff's evidence also indicates that the defendant Washington had stopped his car at an angle with its left rear

wheel about 12 to 18 inches onto the pavement, causing its left rear fender and bumper to protrude some three feet into the northbound traffic lane, which was 9 feet 4 inches wide from the center line to the pavement edge.

The defendant Washington's motions for directed verdict and judgment n.o.v. were both based on the following grounds: "(a) The evidence does not show that the acts of negligence charged against this defendant were the proximate or concurrent proximate cause of the accident; (b) It affirmatively appears that the acts charged against this defendant were the remote cause of the collision; (c) Again, it appears that the defendant John Lee Jones did or should have discovered the acts of negligence charged against this defendant and avoided them, and that his negligence is solely responsible for plaintiff's injuries; (d) Again, it appears that the defendant John Lee Jones was driving his automobile on a public highway while under the influence of intoxicating liquor, at a speed of 85 miles an hour, and without reducing speed or applying brakes, and this act was deliberate and criminal, and defendant Augustus Washington was not charged with the duty of anticipating same, and thus the cause of the collision is due solely to deliberate acts of defendant John Lee Jones."

As stated above, the plaintiff's evidence indicates that the defendant Washington's vehicle was so parked that a substantial portion thereof was within 12 feet of the center line of the highway. This is a violation of Code § 68-1670 (a) (15) and is negligence per se. *Washington* v. *Kemp,* 97 *Ga. App.* 235, supra. Having thus created a perilous situation, the defendant Washington was bound to reasonably anticipate that another driver might approach at a high rate of speed without maintaining a proper lookout and thereby collide with traffic which had been forced to halt due to the obstruction created by him. In order for the negligence of the second actor (Jones) to insulate the defendant from liability, it must have been such as the defendant Washington could not reasonably have anticipated at the time he created the perilous situation. *Pittman* v. *Staples,* 95 *Ga. App.* 187 (97 S. E. 2d 630). The acts of negligent driving on the part of Jones which are supported by the evidence are

not beyond the scope of reasonable anticipation. While it is true that certain of these acts constituted violations of the law, they were simply malum prohibitum and therefore their criminality as such does not affect the issue of proximate cause. "The principle that one tortfeasor will not be liable where the injury sustained is caused by an independent criminal act of a third person which is the direct and proximate cause of the damage . . . does not contemplate an act which may be found to be due to negligence, although it may be malum prohibitum." *Bozeman* v. *Blue's Truck Line,* 62 *Ga. App.* 7, 10 (7 S. E. 2d 412). It is true that if Jones had become aware of the existence of the potential danger created by the negligence of Washington and had acted negligently in respect to this dangerous situation, thereby bringing about the collision, Washington would be relieved of the liability. *Pittman* v. *Staples,* 95 *Ga. App.* 187, supra. But the evidence does not demand a finding that Jones did in fact become aware of the dangerous situation in time to have avoided the collision. The court did not err in denying the defendant Washington's motions for directed verdict and judgment n.o.v. or the motion for new trial on the general grounds.

■ Special ground 1 of the amended motion for new trial assigns error on the failure of the court to state to the jury Washington's contention "that his parking, if with his left rear wheel on the pavement as claimed, was not the proximate or a part of the proximate cause of the collision, but that the willful and criminal acts of John Lee Jones were the sole proximate cause." For the reasons stated above, this contention is without merit.

■ Special ground 2 assigns as error the failure of the court to give the following request to charge: "I charge you Code Section 68-1504(8e): Park: When prohibited means the standing of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in loading or unloading. If you find that defendant, Augustus Washington, parked his car on this state-aid road less than twelve feet from the center line, but this parking was temporarily for the purpose of loading or unloading he would not be guilty of violating this statute as to illegal parking." While it is true that in Code Section 68-1504(8e) the general definition of the work "Park"

excepts any vehicle "while actually engaged in loading or unloading", this exception is restricted when the parking or stopping is within 12 feet of the center line of a state-aid road or highway so as to come within the provisions of Code § 68-1670 (a) (15). Under the express provisions of Code § 68-1670 (c), the exception allowing parking or stopping to load or unload within 12 feet of such center line is limited to "any passenger vehicle . . . operated under a certificate of public convenience and necessity or interstate registration permit issued by the Georgia Public Service Commission." There is no contention that the defendant Washington's automobile was a vehicle of this type. "It is also true that general and special provisions in a statute should stand together, if possible, but where general terms or expressions in one part of a statute are inconsistent with more specific terms or particular provisions in another part, the particular provision must govern." *Kiser & Co.* v. *Doyal,* 51 *Ga. App.* 30, 33 (179 S. E. 578). The court did not err in refusing to give the requested charge or in failing to state this contention to the jury, as also urged in special ground 1.

■ Special ground 3 assigns error on the court's instruction to the jury to determine "whether or not John Lee Jones was guilty of negligence in the operation of his car upon this occasion, determining whether or not he violated the traffic laws of the State of Georgia." A copy of Jones' plea of guilty to a criminal charge of speeding "(estimated speed 85 mph)" was in evidence at the trial. The authenticity of this evidence, the validity of the plea and the admissions therein were uncontradicted. There was therefore no issue for the jury to determine "whether or not he violated the traffic laws of the state of Georgia" as to his speeding, which was negligence per se. However, we fail to see how the erroneous instruction on this point could have prejudiced the defendant Washington, especially since the jury nevertheless determined that Jones was guilty of negligence. The speed at which Jones was traveling was the only issue of negligence on his part which was improperly submitted to the jury and no additional burden was thereby placed upon the defendant Washington since Washington does not contend that Jones was not negligent and only contends that the negligence of Jones was the

sole proximate cause of the injuries. There is no merit in this ground.

■ Special ground 4 assigns error on the "argumentative charge of the court" in re-emphasizing the plaintiff's contention that Washington had violated the statute as to stopping or parking his car within 12 feet of the center line of the highway. "Mere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury." *Brown* v. *Brown*, 89 *Ga. App.* 428 (3) (80 S. E. 2d 222). There is nothing to show that the instructions had any effect of this nature and this ground is without merit.

■ Special ground 5 assigns error on the charge instructing the jury as follows: "I charge you, Gentlemen of the jury, that it is a violation of the law for a person to park an automobile within twelve feet of the center line of the highway and, if you find that on the occasion in question Augustus Washington did stop his car on the highway on the night in question within twelve feet of the center line of the highway, then it would follow as a matter of law and without any further inquiry on your part that Augustus Washington was guilty of negligence and, if you should find that this negligence was the sole proximate cause of the accident, then the liability of the plaintiff for such amount of damages as you may find was sustained would rest solely with Augustus Washington, and if you find that this negligence of Augustus Washington, assuming that you find that he had stopped and parked his automobile within twelve feet of the center line of the highway, combined with the negligence of the defendant Jones and that their joint negligence brought about the accident, then the liability for such damages as you may find the plaintiff has sustained rests upon both of the defendants, in which event, you would simply return a verdict in favor of the plaintiff for the amount of his damages, if you find in his favor." It is contended that the court erred in failing to add that if the negligence of Jones was the sole proximate cause of the collision, the jury should return a verdict against him only, and in further failing to charge certain particulars of "the superseding cause of the principle of law" in

conjunction therewith. It appears that the question of superseding cause was covered by the court at another point in its instructions and the circumstances under which Washington would be relieved from liability were explained to the jury. This charge, even if error, was harmless because the jury found against both defendants. There is no merit in this ground.

■ Special grounds 6 and 7 assign error on certain portions of the charge, it being contended that the language employed was "an expression of opinion on the facts by the court." There is no merit in these grounds, particularly in view of the repeated instruction to the jury that the court in the charge "did not intend to express or intimate an opinion as to what has or has not been proven in this case."

■ Special ground 8 assigns error on the failure of the court to give the charge requested by the defendant Washington to the effect that certain acts of negligence on the part of the defendant Jones were mala in se and that Washington was not charged with the duty of anticipating them for this reason. There is no merit in this ground since any acts of negligence on the part of Jones which are shown by the evidence are simply mala prohibita and are within the scope of reasonable anticipation. *Bozeman* v. *Blue's Truck Line,* 62 *Ga. App.* 7, supra.

■ Special ground 9 assigns error on the refusal to give a requested charge on the subject of the negligent acts of Jones as being a preponderating cause of the injury. Principles contained in this request are not supported by the evidence since there is nothing to show that the negligence of Jones probably would have produced the injury even if Washington's negligence had not occurred, or that the immediate effect of Washington's negligence was ever consciously before Jones. Moreover, the court had instructed the jury on the general principles of preponderating cause despite the fact that there was no evidence to support such charge, and the defendant Washington, having benefited thereby, cannot complain of the refusal to charge the inapplicable principles contained in his request. Special ground 9 is without merit.

■ Special grounds 10 and 11 assign error on the failure of the court to repeat its charge concerning the preponderating

■

cause doctrine. Although the foreman of the jury stated that "we are having some discussion in regard to the preponderating cause" and "it is that preponderating cause in there they don't fully understand," specific questioning by the court revealed the true source of confusion. In response to a question as to the nature of the problem the foreman stated: "Your Honor, I don't hardly know. We are deadlocked seven to five. They can't get it in their own minds about the two cars, the defendants in the two cars, Jones and Washington, and whether—I just don't know how to state it—it is whether we had to name one or name the two. I really don't know how to state it. The Court: What is it you want to know? Foreman of jury: Well, the question in our mind is, in determining the fault of the two defendants. I think some of us understood it could be concurrent, that the fault could; does it necessarily mean we have got to report on both, if some of us say one is more guilty than the other does that make any difference? The Court: No, sir. The degree of negligence in joint tortfeasors does not enter into it at all; it is sufficient if one was guilty of negligence in a lesser degree than the other but both of them were guilty of some negligence, and their combined negligence produced the results of the accident. In law they are what is known as joint tortfeasors . . ." The court proceeded to further instruct the jury as to applicable principles of law on the subject of liability of joint tortfeasors. These grounds are without merit.

None of the errors complained of requires a reversal of this case. The court did not err in denying the motion for a judgment notwithstanding the verdict and the amended motion for a new trial.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*