41476. STATE HIGHWAY DEPARTMENT v. BALL.

SUBMITTED SEPTEMBER 7, 1965—DECIDED OCTOBER 19, 1965.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, J. Lundie Smith, Asa D. Kelley, Jr., Deputy Assistant Attorneys General, S. B. McCall,* for plaintiff in error.

*Maxwell A. Hines, Hugh D. Wright,* contra.

FELTON, Chief Judge. ■ Special ground 4 complains of the following charges: "I charge you that in estimating the value of land when taken for public uses inquiry may be made as to all legitimate purposes to which the property could be appropriated or used . . . In estimating its value the capabilities of the property and the use to which it is applied and to which it had been applied are to be considered, and not the mere condition it is in at the time and the use to which it is then applied by the owner. All the facts as to the condition of the property and its surroundings and improvement and capabilities

may be shown, and, if shown, be considered by the jury in estimating its value." The rule in this State is that such a charge is error when there is no evidence that the land involved could be used for any purpose other than that to which it was devoted at the time of the taking or from which the jury could infer any reasonable probability that it was suitable for any other use. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (76 SE 387, AC 1914A 880); *State Hwy. Dept. v. Weldon,* 107 Ga. App. 98 (129 SE2d 396); *State Hwy. Dept. v. Allen,* 108 Ga. App. 388 (133 SE2d 64); *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737 (137 SE2d 371); *State Hwy. Dept. v. Godwin,* 109 Ga. App. 740 (137 SE2d 351). In this case it appears that all of the evidence as to the value of the land taken related to its value for agricultural (including livestock) purposes, for which it was being used at the time of the taking, and there being no evidence as to the value of the land taken for any other purpose, the above charges were harmful error.

■ Special ground 5 complains that the charge of the court was confusing and erroneous in its statement of the measure of damages. The court charged that the jury should first determine the actual "fair and reasonable value" of the property taken, then the consequential damages, if any. "In cases where, as here, there are no unusual circumstances which make the criterion of market value inapplicable, market value is the basis of the determination of the value of land taken and damage to land not taken. *Georgia Power Co. v. Pittman,* 92 Ga. App. 673 (89 SE2d 577)." *Georgia Power Co. v. Livingston,* 103 Ga. App. 512, 514 (4a) (119 SE2d 802). Although the court defined "market value" in the charge, it was not made sufficiently clear that that was the basis of the determination of the value of the land taken as well as the damage to land not taken. This special ground was meritorious.

■ Special ground 6 complains of the court's refusal to give a written requested charge as to the condemnee's remedy of condemning, through the court of ordinary, a right of way for a private way for the purpose of access to the portion of the condemnee's land which was rendered landlocked by the taking of the right of way by the condemnor—State Highway Depart-

ment. Although the requested charge was a correct statement of the applicable law as far as it went, it did not include the other provisions of *Code* § 83-101 et seq. which would have been pertinent to the issue of damages, such as: that the way would have to be kept open and in repair by the person on whose application it was established, that the way could be laid out differently (hence, possibly more expensively) from the route selected by the applicant so as to do the least possible damage and inconvenience to landowners, and that such an applicant would be required to pay all costs of construction, future maintenance and legal proceeding for such private way. The court did not err in refusing to give this charge as requested.

■ Special grounds 7 and 8 complain of the court's refusal to permit the condemnor to require the condemnee to testify as to the productive qualities of his land before and after the taking. The question involved in ground 7 was: "Was your production as good in '60 as it was in '59?" This question was too general in that it did not specify whether it had reference to overall production on the remaining land or merely to the landlocked portion. Furthermore, even assuming that productivity was an issue, the comparison of crop productions over only a two-year period would not be sufficient to indicate accurately the relative productivity. In the absence of any contention by the condemnee that the taking of part of condemnee's property adversely affected the productivity of the remaining land, however, the fact that the taking did not affect the productivity of the balance was irrelevant and had no bearing on the real issues of the case. Special ground 7 was therefore without merit.

Similarly, the question involved in ground 8—as to whether he had been farming the 190-acre tract for the last six or seven years—was irrelevant for the last reason given in our ruling on ground 7, above, and ground 8 was without merit.

■ Special ground 9 complains of the court's allowing the condemnee to cross examine Mr. C. H. Woellert, senior draftsman for the Highway Department, and admitting in evidence his testimony to the effect that he had, on his own time and without authority from either the Highway Department or the

condemnee, approached a landowner adjoining the landlocked portion of condemnee's property in an attempt to obtain for the condemnee an option or easement for the purpose of right of way for access to his property. Although the cross examination of an agent of the opposite party under the provisions of *Code Ann.* § 38-1801 is controlled by the discretion of the trial court, it does not appear that the testimony here elicited was relevant either for the purpose of impeachment or to the issue of the value of the land in question, even if the witness's actions were taken as an agent of the Highway Department, which the evidence shows they were not. The court abused its discretion in admitting in evidence this prejudicial testimony. Special ground 9 is meritorious.

■ Special ground 10 complains that the court erred in excluding the answer of Lenton Duren, witness for the condemnee, to a question by the condemnee on cross examination as to the price the witness had paid his father-in-law in 1954 for a farm of some description, located somewhere and bought on a per acre price (the witness did not testify how many acres the property contained). The above testimony was an insufficient foundation on which to base a challenge of the witness's qualifications for assessing land values and was therefore properly excluded. Special ground 10 is without merit.

■ Special ground 11 complains of the court's rulings on the condemnee's objections to the condemnor's questioning of its witness, Patten, which sought to show that the witness had known the purchase price of the condemnee's land when he had assessed the market value thereof. The objections were based upon the fact that the witness could not testify as to the purchase price from his own knowledge, but that his opinion was based upon his notes, the information on which he had obtained "from checking the record down here or from Mr. Ball or from a source that I knew was reliable." The witness could not exclude the possibility that his information regarding the purchase price was based on hearsay; therefore his testimony as to it was properly excluded. The court did not err in any of the rulings complained of.

■ Special grounds 12, 13, 14, 15 and 16 complain that the

jury verdict of $43,500 was without competent evidence to support it. These are in the nature of general grounds. As was pointed out by this court in the appeal of the condemnee from the jury verdict in the first trial of the case, this court is confined to reversing on the general grounds only where there is no evidence to support the verdict. *Ball v. State Hwy. Dept.*, 108 Ga. App. 457, supra. A review of the evidence reveals that the verdict was within the range established by competent evidence; therefore these special grounds were properly overruled.

The general grounds were not argued as such and are deemed abandoned. The court erred in overruling special grounds 4, 5 and 9 of the amended motion for a new trial.

*Judgment reversed. Jordan and Deen, JJ., concur.*