23550.  CATO v. ARNOLD.
23551.  ARNOLD v. CATO et al.

ARGUED JUNE 15, 1966—DECIDED OCTOBER 6, 1966—
REHEARING DENIED OCTOBER 20, 1966.

*Archer, Patrick & Sidener, Griffin Patrick, Jr., Clifford Oxford,* for Cato et al.

*Northcutt & Edwards, W. S. Northcutt,* for Arnold.

MOBLEY, Justice.   Pursuant to Chapter 83-1 of the Code of Georgia, James L. Arnold filed an application with the Court of Ordinary of Fulton County seeking to have a private way established for his use over the adjoining property of Charles P. Cato.   Cato filed a petition in the Superior Court of Fulton County to enjoin the proceedings in the court of ordinary on numerous grounds attacking the constitutionality of Chapter 83-1 and upon other grounds.   To this petition Arnold filed general demurrers which were sustained and the petition was dismissed.   Cato appeals from this ruling on the demurrers in the main appeal.

Arnold filed a cross bill in equity seeking to consolidate the application filed in the court of ordinary with the pending equity suit.   The superior court dismissed this cross bill and Arnold,

appellee in the main appeal, appeals from this ruling in the cross appeal.

■. In our view of this case it is only necessary to consider whether the procedure in Chapter 83-1 of the Georgia Code, and particularly §§ 83-101, 83-103—83-106 and 83-108, violates Art. I, Sec. III, Par. I of the Georgia Constitution (*Code Ann.* § 2-301), which provides that "private ways may be granted upon just compensation being first paid by the applicant  . . ." We are of the opinion that the statutes permit the grant of a private way across appellant's land without first requiring payment of compensation therefor.

The questions to be determined are: (1) when, under the statute, is the private way granted and (2) when, under the statute, must compensation be paid? *Code* §§ 83-103 and 83-104 provide the method of acquiring the grant, to wit: The applicant applies to the ordinary for a private way.  The ordinary, if satisfied that he is entitled to it, shall appoint commissioners to view and lay out the road.  Either party may appeal from their report to the ordinary.  If no appeal is filed, the report of the commissioners is final.  If appealed, the ordinary's decision is final, unless and until reversed on additional appeal.  Upon becoming final, a judgment granting a private way has at this stage been rendered which is a grant of the private way within the meaning of the Constitution.

*Code* § 83-105 provides that the person over whose land the passway is desired may proceed to have damages assessed in the same manner in which damages are assessed in the case of public roads. *Code Ch.* 95-2.

*Code* § 83-106 provides that after the damages are thus assessed, the person who has them to pay may decline to open the passway, but he shall be bound for the costs of the proceedings whether he uses the passway or not, for which the ordinary may issue execution, and in all cases the damages shall be paid before the way is opened.

It is clear that, under these provisions of the Code, the grant of the private way is made before payment is required and that the constitutional requirement of Art. I, Sec. III, Par. I (*Code Ann.* § 2-301) is not met.

Furthermore, the provision of *Code* § 83-106 that after the damages are assessed, the person who has them to pay may decline to open the way, in which case he must pay the costs of the proceedings, whether he uses the passway or not, but in all cases the damages shall be paid before the way is opened, leaves the property owner in the predicament of having a grant of a private way across his land, without having been paid anything, and the taker enjoying the privilege, after the damages are assessed, of declining to open the passway and paying nothing other than costs. "After damages are assessed . . ." could mean days, months, or years, during all of which time the property owner has this judgment granting the private way across his property outstanding against his land. This would affect his rights in his property, preventing him from selling or transferring the property free of this right of way, which amounts not only to taking his property without first paying for it but taking it without due process of law, in violation of the Federal and State Constitutions. Accordingly, we hold that Chap. 83-1 of the Georgia Code is unconstitutional, and therefore void.

■ In view of the ruling made in Division I it is not necessary to pass upon the cross appeal.

*Judgment reversed on main appeal; affirmed on cross appeal. All the Justices concur.*