43324. MULLIS v. CHAIKA et al.
43325. BROWN v. CHAIKA et al.

12

ARGUED JANUARY 10, 1968—DECIDED JUNE 14, 1968.

14

*Martin, Snow, Grant & Napier, Hendley V. Napier, Miller, Miller & Miller, Wallace Miller, Jr., Jones, Sparks, Benton & Cork, Carr G. Dodson,* for appellants.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr.,* for appellees.

QUILLIAN, Judge. ■ The first enumeration of error of the defendant Brown and that of the defendant Mullis both complained that the trial judge erred in overruling their general demurrers to the plaintiff's petition. In essence the defendants' positions in this regard are conflicting since each contends that the other's negligence intervened to break the chain of causal connection so far as judicial purposes are concerned. Thus, the defendant Mullis contends that Brown's negligence was the superseding independent cause of the damage and the defendant Brown contends that the defendant Mullis's negligence was the sole preponderating cause of the injuries to the plaintiff. In support of their contention the parties cite numerous cases for the general principle of law that in order to hold the defendant liable the petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrongdoer. *Powell v. Waters,* 55 Ga. App. 307 (1a) (190 SE 615) ; *Washington v. Kemp,* 97 Ga. App. 235 (102 SE2d 910) ; and *Mayor &c. of Macon v. Dykes,* 103 Ga. 847 (31 SE 443).

While recognizing the validity of rules pronounced in these and many other cases, we cannot agree with their application as contended for by the defendants.

In order that a party be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result. *Milton Bradley Co. of Ga. v. Cooper,* 79 Ga. App. 302, 307 (53 SE2d 761); *Hospital Authority v. Adams,* 110 Ga. App. 848, 850 (4) (140 SE2d 139); *Williams v. Grier,* 196 Ga. 327, 337 (26 SE2d 698). Where an act is of a nature calculated to produce a certain injury, the causal connection, if any, between such act and the injury is not necessarily broken by an intervening act which bears a causal relation to the injury. *Nixon v. Williams,* 25 Ga. App. 594 (1) (103 SE 880).

The mere fact that the injury would not and could not have resulted by reason of the defendant's acts alone will not of itself be taken to limit and define the intervening agency as constituting the proximate cause. Where two concurrent causes naturally operate in causing an injury, there may be a recovery against both or either of the actors. *Higdon v. Georgia Winn-Dixie,* 112 Ga. App. 500, 502 (145 SE2d 808). "The chain of causation is not broken by an intervening act which is a normal reaction to the stimulus of a situation created by negligence." *Bass v. Seaboard A. L. R. Co.,* 205 Ga. 458, 474 (53 SE2d 895). A jury question is presented if reasonable minds might disagree as to whether specified conduct amounts to negligence and whether, if so, it was the proximate cause of the injury. *Orkin Exterminating Co. v. Wingate,* 84 Ga. App. 750 (67 SE2d 250); *Epps v. Southern Bell Tel. &c. Co.,* 98 Ga. App. 252 (1) (105 SE2d 361).

Following the principles of the above cited authorities, it is apparent that the trial judge did not err in overruling the defendants' demurrers to the petition.

■ Enumerations of error 7 and 8 of the defendant Mullis complained that the trial judge committed reversible error in

requiring that the defendant produce for cross examination Clarence Williams and in allowing the plaintiff to cross examine that witness. The defendant contends that at the time of trial the witness was no longer an agent of the defendant Mullis, in fact, he was at that time serving in the Army. Since the witness was no longer in Mullis's employment, under the provisions of *Code* § 38-1801, as amended, Ga. L. 1945, p. 227 and Ga. L. 1947, p. 568, he was not subject to cross examination by the plaintiff.

*Code Ann.* § 38-1801 provides in part: "In the trial of all civil cases, either plaintiff or defendant shall be permitted to make the opposite party, or any one for whose immediate benefit such suit is prosecuted or defended, or any agent of said party, or agent of any person for whose immediate benefit such suit is prosecuted or defended, or officer or agent of a corporation when a corporation is such party, or for whose benefit such suit is prosecuted or defended, a witness, with the privilege of subjecting such witness to a thorough and sifting examination."

In interpreting this Code section the Court of Appeals has explained that one in the employ of another would be subject to all the pressure and possible prejudice in favor of his employer which such relationship would tend to engender and therefore should be subject to cross examination by the opposite party. *Atlanta Joint Terminals v. Knight,* 98 Ga. App. 482, 485 (106 SE2d 417, 79 ALR2d 539). As held in *Garmon v. Cassell,* 78 Ga. App. 730 (6) (52 SE2d 631): "The word 'agent' as used in Ga. L. 1947, p. 568, amending *Code* § 38-1801, means any agent available to the party (principal) as a witness in a pending case, and does not refer merely to an agent who has some relation or connection with the transaction in litigation." In *Logan v. Turner,* 97 Ga. App. 866, 867 (104 SE2d 627) the court pointed out: " 'Present and available' are not the criteria for determining the qualification of a witness for cross examination under *Code Ann.* § 38-1801. A person not a party may be called for such purpose only if such person is one for whose immediate benefit such suit is prosecuted or defended or is an agent of said party or agent of any person for whose immediate benefit such suit is prosecuted or defended or is an official or agent of a corporation when a corporation is such party, or for whose benefit such suit is prosecuted or defended."

The tenor of the decisions interpreting *Code Ann.* § 38-1801 (Ga. L. 1945, p. 227; Ga. L. 1947, p. 568) as well as language of the Code section itself leads us to the inescapable conclusion that it was intended to apply only to those situations where the witness sought to be examined was at the time, that is, the time of trial, an agent of an opposite party; for, only at that time would such witness be subject to pressure and possible prejudice in favor of his present employer. In the recent case of *Atlanta Americana Motor Hotel Corp. v. Sika Chemical Corp.*, 117 Ga. App. 707 (161 SE2d 342), the Third Division of the Court of Appeals adopted the same line of reasoning in construing *Code Ann.* § 38-1801.

Allowing a witness not within the purview of that Code section to be called for purposes of cross examination was held to be harmful error in *Logan v. Turner*, 97 Ga. App. 866, supra; therefore, the trial judge erred in allowing the plaintiff to call the witness Clarence Williams for purposes of cross examination.

■ Enumeration of error 9 of the defendant Mullis and Enumeration of error 2 of the defendant Brown both contend that the trial judge over-emphasized the right of the plaintiff to recover against both defendants on the theory of joint and concurring negligence. This argument is predicated on the fact, as the defendants point out, that the trial judge charged at least four separate times the right of the plaintiff to recover where the defendants were jointly and concurrently negligent while only on two occasions did he charge regarding their separate negligence. This is contended to be highly prejudicial to the defendants under the rule that even though correct as an abstract principle of law a charge may be erroneous where it is argumentative and calculated to impress the jury with the view of the trial judge that one party should not prevail. *Wilson v. Harrell*, 87 Ga. App. 793, 805 (75 SE2d 436); *Macon R. & Light Co. v. Vining*, 123 Ga. 770 (51 SE 719).

It should be noted that in the cases cited as authority for this position, the charge of the court emphasized and reiterated the contentions of one party to the disparagement of the other so as to amount to argumentative or opinionated utterances (prohibited by *Code* § 81-1104) which tend to prejudice the minds

■

of the jury. *Brown v. Brown,* 89 Ga. App. 428 (3) (80 SE2d 2). While a charge replete with emphasis on one party's contentions may amount to argument, here the mere fact that the judge on four occasions charged as to joint and concurring negligence and only on two occasions charged as to the independent negligence of each defendant would not violate the rule contained in the cited cases. *Washington v. Kemp,* 99 Ga. App. 635, 640 (109 SE2d 294); *Miller v. Dean,* 113 Ga. App. 869 (2) (150 SE2d 191). There is no merit in this contention.

■ In ground 6, the defendant Mullis assigns error on the failure of the court to charge the principle of law, demanded by the facts of the case, that a verdict could not be rendered against him even though the jury found him guilty of negligence if the jury further found the defendant Brown was likewise negligent and that her negligence was a subsequent, separate, independent and intervening cause of the injury to the plaintiff. In this connection the court charged the jury that if they found the plaintiff's injury and damage was caused solely by the negligence on one defendant's part and if such negligence were the sole, direct and proximate cause of the plaintiff's injury, then the plaintiff would not be entitled to recover against the other defendant even though such other defendant was negligent in some manner. The plaintiff, therefore, contends that the rule is applicable: "Where the judge gives in charge substantially the law covering the case, if more specific instructions on any point are desired they should be asked." *Mendenhall v. Nalley,* 81 Ga. App. 517, 521 (59 SE2d 283); *Southern Cotton Oil Co. v. Brownlee,* 26 Ga. App. 782 (107 SE 355).

The defendant urges that the question as to intervening cause was a substantial, vital and material issue in the case which should have been charged even without request. "It is the duty of the trial court, whether requested or not, to give the jury appropriate instructions on every substantial and vital issue presented by the evidence, and on every theory of the case." *Crown Carpet Mills v. C. E. Goodroe Co.,* 108 Ga. App. 327, 334 (132 SE2d 824); *Lincoln Life Ins. Co. v. Anderson,* 109 Ga. App. 238, 241 (136 SE2d 1).

If the same question is presented on the retrial of this case,

we point out that the court should charge on the material issue of whether one defendant's negligence acted as the separate, independent and intervening cause of the injury to the plaintiff so as to preclude recovery against the other defendant.

■ The court charged the jury on the plaintiff's right to recover where the joint and concurring negligence of both defendants was the proximate cause of the plaintiff's injuries and further charged if the jury found both defendants negligent their verdict would be against both and "the defendants would be equally responsible." The defendant Mullis assigns error on the ground (Enumeration of error 10) that such charge was an improper direction to the jury; that if they found against both defendants the plaintiff was relegated to obtaining one-half verdict from one defendant and one-half from the other, while under the law the plaintiff could obtain all of his verdict from either one of the defendants; that this was prejudicial to defendant because the jury would be inclined to award a larger verdict.

In *Eidson v. Maddox*, 195 Ga. 641, 645 (24 SE2d 895), the Supreme Court pointed out that joint tortfeasors were equally liable to the plaintiff and equally bound to discharge judgment. The term "equally responsible" is the substantial equivalent to the term "equally liable" and would not be susceptible to the construction contended for by the defendant. The charge was not subject to the complaint made.

■ The court charged the jury on the right of the plaintiff to recover for loss of or diminished earning capacity. The defendant Mullis excepted to this charge on the ground that the evidence was insufficient to warrant such a charge.

Plaintiff in his petition alleged he sustained loss of wages and diminution of earning capacity as a result of the injuries. He also gave testimony to that effect. The testimony regarding such loss was sufficient to support a charge under the rule set out in *Harper v. Hall*, 76 Ga. App. 441 (2) (46 SE2d 201): "Where distinct issues are presented in pleadings, it is not error for the trial judge to give in charge to the jury the law relating thereto, provided the same is supported by some evidence, even though very slight and consisting of inferences drawn from

sworn testimony." See *Lacy v. Ferrence,* 117 Ga. App. 139 (159 SE2d 479).

■ Ground 11 of the errors specified by the defendant Mullis is that the trial judge erred in overruling his motion, during the presentation of the evidence, to read certain portions of a deposition taken by him of the defendant Brown, this deposition having originally been taken by agreement of counsel for the parties and filed as a part of the record. In support of this ground the defendant Brown cites numerous federal authorities allowing the admission of portions of a pretrial deposition into evidence and holding under the federal rules that a deposition of one party may be used by the opposite party for "any purpose." However, in our view *Morris v. Johnson,* 222 Ga. 76, 78 (148 SE2d 392) is dispositive of this issue. In that case it was held: "The third special ground asserts that the court erred in refusing to admit in evidence the deposition of the defendant taken at the instance of the plaintiff. The objection that the defendant was in court was sustained. It appears from the record that the defendant was fully cross examined as to her previous answers in the deposition, and no harm was occasioned in refusing to allow the deposition in evidence."

■ Ground 3 of the defendant Brown's enumeration of errors complains that the trial court erred in not allowing plaintiff's counsel on cross examination to ask the following question of the defendant Brown: "The question is this, Mrs. Brown, did the pouring of this gasoline on you in the fashion and in the manner and in the amount that you have described create in your mind a sense of feeling of dire emergency?" The defendant Brown answered, "Yes, sir." Counsel for the defendant Mullis then objected and it was upon this objection that the testimony was excluded.

The defendant Brown's counsel made no effort to ask the same question at any subsequent time. However, during the course of the trial similar questions involving the defendant's state of mind or intent were elicited by defendant's counsel, as well as by counsel for the plaintiff and for the defendant Mullis.

Under these circumstances, there was no error harmful to the defendant Brown, and she cannot complain that the court erred

in sustaining the objection to the question asked her by plaintiff's counsel on cross examination.

■ The appellant Brown in ground 4 assigns error upon the trial court's allowing counsel for the plaintiff, over objection, to argue the unit value of pain on a 24-hour basis. The defendant's complaint is addressed to the unit value of pain being an improper argument and that in order for the plaintiff to recover for pain and suffering it must be conscious pain and suffering. In *Hardwick v. Price*, 114 Ga. App. 817 (152 SE2d 905) this court pointed out that under *Code Ann.* § 81-1015 (Ga. L. 1960, pp. 174, 175) counsel is allowed to argue the value of pain and suffering and it is not improper to place a unit value on such pain.

There was evidence that after the accident the plaintiff suffered constant, severe and continued pain and during his hospitalization he continued to have severe pain in his leg, for relief of which he was given shots. At the time objection was interposed to his argument, counsel for the plaintiff stated: "Your Honor, I think we are entitled to use this demonstration that that's what it is. I will explain to the jury that there is no evidence, that they will determine whether he suffered twenty-four hours or twenty-two hours. All this is is a demonstration to make the calculations."

For the time after hospitalization, counsel for the plaintiff used a 16-hour day basis and no objection was made to this argument. While the trial judge has the power and duty to contain argument within legitimate bounds, the inference counsel drew in making his argument was not so unwarranted by the evidence as to constitute an unreasonable deduction. The objection is without merit.

■ The fifth and sixth enumerations of error of the defendant Brown complained, respectively, that the trial judge gave an inadequate and weighted charge on the doctrine of sudden emergency and failed to charge the defendant Brown's request on sudden emergency which was correct and should have been given in lieu of the charge complained of. It is contended that the charge emphasized the fact that the sudden emergency could not be the result of the defendant's action and in effect expressed an opinion that the defendant created her own emergency.

The charge contained correct principles of law. See *Young v. Tate,* 112 Ga. App. 603, 606 (145 SE2d 747); *Ware v. Alston,* 112 Ga. App. 627, 630 (145 SE2d 721). Moreover, the objection interposed was, in essence, that the charge did not delineate the fact the defendant was not "charged with the same care that an ordinary, prudent person would be charged with if the emergency had not been created." The charge contained explicit language to that effect and was not error for the reason assigned. As to the sixth enumeration of error, where the charge substantially covered the same principle, the failure of the trial judge to give the charge in the exact language requested is not a ground for a new trial. *Hardwick v. Price,* 114 Ga. App. 817, 821 (3), supra.

■ The ground contained in the defendant Mullis's enumeration of errors that the verdict was excessive being unlikely to recur on a subsequent trial need not be considered.

The evidence relative to the material issues of the case was in conflict and thus the enumerations of error which were tantamount to the general grounds of a motion for new trial are without merit.

■ Although we found no merit in the various enumerations of error of the defendant Brown, a new trial may be granted her upon proper application in the trial court inasmuch as the verdict was joint and a new trial is granted to her co-defendant, the appellant Mullis in Case 43324. *Smith v. Barnett,* 109 Ga. App. 142 (135 SE2d 435); *McCalla v. Shaw,* 72 Ga. 458; *Southeastern Truck Lines v. Rann,* 214 Ga. 813, 817 (108 SE2d 561). However, since the defendant Brown's assignments of error are without merit, this court can only affirm the judgment as to her. *Couey v. Bracewell,* 111 Ga. App. 760 (143 SE2d 7).

*Judgment reversed in Case 43324; affirmed in Case 43325. Bell, P. J., and Hall, J., concur.*