## 27333.   ARNOLD v. SELECTED SITES, INC.

Undercofler, Justice. The appellant filed a suit in the Superior Court of Fulton County seeking to have a private way of necessity established for his use over the adjoining property of the defendant as provided by Georgia Laws 1967, p. 143 (*Code Ann.* §§ 83-101 through 83-106.2). The trial court sustained a motion to dismiss the complaint and held that the 1967 statute is unconstitutional. The appeal is from this judgment. *Held:*

*Code Ann.* § 83-106.1 provides: "Any party may, with respect to the judgment of the court in such case, have all remedies provided by law, including motion for new trial, appeal, motion for judgment on the pleadings, or motion for judgment notwithstanding verdict. *However, when the judgment becomes final (following determination of motion or appeal), the compensation fixed by the jury shall be paid, in cash, by applicant into the registry of court within 60 days after such final judgment; and upon failure to so pay compensation within this 60 days period the private way so applied for shall be considered abandoned, and upon motion made by any interested party and notice of not less than 10 days to applicant for the private way, the court shall enter judgment of abandonment accordingly.*" (Emphasis supplied.) Ga. L. 1967, p. 143.

The motion to dismiss the complaint is based on the emphasized portion of the 1967 statute (*Code Ann.* § 83-106.1). The appellee argues that this section of the 1967 statute is unconstitutional because it fails to provide for the payment of just compensation prior to the granting of a private way. Article I, Section III, Paragraph I of the 1945 Georgia Constitution provides: "In case of necessity, private ways may be granted upon just compensation being first paid by the applicant." *Code Ann.* § 2-301.

We agree with the contentions of the appellee that the emphasized portion of the 1967 statute (*Code Ann.* § 83-106.1) is unconstitutional because the grant of the private way is made before payment is required. *Cato v. Arnold,* 222 Ga. 567 (151 SE2d 149).

The question then arises whether this unconstitutional provision is such an integral and essential part of the 1967 statute that the entire statute must fall or whether this void provision can be stricken and leave the rest of the statute to stand.

"If a statute is in part valid, and in part invalid, and the objectionable portion is so connected with the general scheme of the statute that it cannot be stricken out and effect be given to the legislative intent, the statute must

fall. But although a statute cannot be sustained in whole, the courts will uphold it in part, if it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment, and if, after striking the invalid part, enough remains to accomplish that purpose. *Lee v. Tucker,* 130 Ga. 43, 50 (60 SE 164); *Pearson v. Bass,* 132 Ga. 117 (63 SE 798)." *Leonard v. American Life &c. Co.,* 139 Ga. 274, 279 (77 SE 41).

In *Cato v. Arnold,* 222 Ga. 567, supra (1966), this court held that former *Code Ch.* 83-1 was unconstitutional because it did not provide for the payment of compensation before the granting of a private way of necessity.

In 1967 the General Assembly passed a new statute providing for the procedure to be used in granting private ways of necessity. Ga. L. 1967, p. 143 (*Code Ann.* §§ 83-101 through 83-106.2). Section 2 of the 1967 Act provides new Code sections for Chapter 83-1. Among other provisions the new *Code Ann.* § 83-104 provides that the hearing before the assessors, "together with the assessment of damages by them, shall be as is provided for in Chapter 36-5 of the said Code of Georgia of 1933." The new *Code Ann.* § 83-105 provides that either party shall have the right to appeal the award of the board of assessors to a jury in the superior court in accordance with the provisions of Chapter 36-6 of Georgia Code Annotated. The new *Code Ann.* § 83-106 provides for determination of the issues by the jury and that "Damages assessed shall be paid into court and disbursed by the clerk in accordance with the court's order regarding the party or parties entitled thereto."

The 1967 statute which is codified in Chapter 83-1 is a general legislative scheme providing for the acquisition of private ways of necessity. Although we have held part of section 2 of the 1967 statute unconstitutional (*Code Ann.* § 83-106.1), that portion of section 2 is not such an integral part of the 1967 statute as to invalidate the general legislative scheme. "Where some portion of a leg-

islative Act is unconstitutional and void, the whole legislative scheme is not rejected if the improper matter is not such an essential and inseparable part of the general legislative purpose that the entire Act must fall with it." *Sams v. Olah,* 225 Ga. 497, 502 (169 SE2d 790); *Grimes v. Lindsey,* 219 Ga. 779 (135 SE2d 860).

Therefore, we hold that the complainant had a right to proceed under the other provisions of the 1967 statute and that the trial court erred in dismissing the complaint.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED JULY 11, 1972—DECIDED SEPTEMBER 20, 1972.

*Moffett & Henderson, F. Glenn Moffett, Jr., Thomas Stanley Sunderland,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Spears,* for appellee.