47972. STATE HIGHWAY DEPARTMENT v. DAVIS et al.

CLARK, Judge. This appeal arises out of the Highway Department's condemning 55.050 acres of land, a drainage easement, and a detour easement from a tract of approximately 303 acres to acquire a right of way in Bulloch County for Interstate Highway 16. The condemned area included a four-acre body of water

referred to by condemnor's counsel as a "pond" and by the condemnees' advocate as a "lake." (T. 19). The placement of the proposed highway would divide the property so as to leave three separated plots. One of these remainders containing 89 acres was landlocked. Another contained the dwelling which after highway construction would be located within 215 feet from a proposed interchange and 700 feet from the highway itself, a factor which condemnees contended would diminish the dwelling's market value by reason of the interstate's noise and heavy traffic. This latter was disputed by the condemnor.

The Highway Department condemned by the Declaration of Taking method as authorized by Ga. L. 1961, p. 517 et seq. as amended. Being dissatisfied with the monetary award made therein, the property owners filed their appeal to the superior court. After a verdict for the condemnees, the Highway Department's amended motion for new trial was denied. This appeal followed with three enumerations of error, two of which dealt with charges given by the trial judge and the third with his refusal to give a requested charge as to the landlocked parcel.

1. We deal first with the attack made upon that portion of the charge dealing with a possible diminution in value of the dwelling because of its proximity to the interchange and the new interstate highway. Appellant contends the language used by the court to have been argumentative and stating as a fact a matter that was controverted, arguing that the court expressed an opinion to the effect that there would be increased hazards to the surrounding property and that there would be heavy traffic and resulting noise. The portion objected to was the following: "I charge you that in determining whether or not the market value of the property of the condemnees lying adjacent to the lands actually taken, has been diminished, you may consider whether or not increased hazards to the surrounding property due to the fact that people may be reluctant to live in an area with heavy traffic and the resulting noise, and therefore consequently pay less for property."

" 'On review the charge must be considered as a whole and each part in connection with every other part of the charge. [Cits.]' *Zayre of Ga. v. Ray,* 117 Ga. App. 396 (5) (160 SE2d 648). 'A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts

are all united. United they stand, divided they fall.' *Brown v. Matthews,* 79 Ga. 1 (4 SE 13)." *Bailey v. Todd,* 126 Ga. App. 731 (5) (191 SE2d 547). More succinctly stated, the rule is that in consideration of allegedly erroneous charges this court must look to the charge in its entirety. *Dixie-Ohio Express v. Brackett,* 106 Ga. App. 862, 866 (128 SE2d 642). If the charge as a whole is not misleading, there is no error. *Aycock v. State,* 188 Ga. 550 (4 SE2d 221); *McDonald v. Wimpy,* 204 Ga. 617 (50 SE2d 347); *Smith v. Rich's, Inc.,* 126 Ga. App. 239 (190 SE2d 493).

Our review of the charge as a whole shows there was no indication of a preference for either side and there was no inference that this was a proven fact.

The entire charge on this subject was approved in *State Hwy. Dept. v. Hollywood Baptist Church,* 112 Ga. App. 857, 860 (146 SE2d 570) where our court said: "[T]he court charged the jury that 'mere inconvenience is not, in and of itself, an element of damages to be considered in condemnation cases, but inconveniences such as noise, smoke, dust and the like may be considered if shown by the evidence to adversely affect the value of the condemnee's remaining property.' The charge was abstractly correct. *Austin v. Augusta Terminal R. Co.,* 108 Ga. 671 (34 SE 852, 47 LRA 755) . . . In order for these factors to be considered as adversely affecting the market value of the remaining property, it must be shown, among other things, that such factors are a continuous and permanent incident of the improvement, and in the absence of such a showing this charge to the jury was error." In the instant case evidence was introduced which indicated that the highway noise would be a permanent or continuous incident of the improvement and therefore was to be considered. *State Highway Dept. v. Augusta District &c.,* 115 Ga. App. 162 (1a) (154 SE2d 29).

Although condemnor's witnesses did not consider noise per se as an element in their estimation of consequential damages, this does not negate the testimony of condemnees' witnesses. "Where conflicts in testimony are irreconcilable, the duty of the jury, in a consideration of the evidence as a whole, is to find the truth of the testimony in conflict, and to that end they may accept or reject any or all the testimony of any witness or witnesses, as to whose testimony a conflict arises." *Powell v. Blackstock,* 64 Ga. App. 442 (5) (13 SE2d 503). There was sufficient evidence concerning noise and its adverse effect on the market value of the dwelling to support the judge's charge. This enumeration is

therefore without merit.

2. In addition, the Highway Department contends the court erred in charging the jury that "in estimating the value of land when taken for public uses, the jury is not restricted to its agricultural or productive qualities but inquiry may be made as to all other legitimate purposes to which the property could be appropriated or used " (T. 208), arguing that no evidence was presented as to the land taken which would support such a charge. This contention as to lack of evidence is rebutted by the direct statement made by condemnees' witness that "I think better use of the whole land would be for residential" (T. 118), as well as by other portions of the evidence.

Furthermore, "A new trial will not be required where a portion of a charge even though inapt and not authorized by the pleadings when considered in connection with the verdict shows that no injury was done to appellant [Highway Department]. [Cits.]" *Bailey v. Todd,* 126 Ga. App. 731 (9) (191 SE2d 547). Without consequential damages the fair market value of the take as testified to by condemnees' witnesses ranged from $26,020 to $29,300. These witnesses testified there were also consequential damages which they set at $29,082 and $26,250. The Highway Department's witnesses set the fair market value of the take at $26,700 and $24,100 respectively with an express contention that the consequential benefits exceeded the consequential damages and therefore allowed nothing in their valuations for consequential damages. The original Declaration of Taking award was for $24,100.

The conflict in testimony between the litigants was in regard to consequential damages, this revolving around the creation of any benefit by nearness to the proposed interchange. The Highway Department's witnesses testified that the highway created a commercial value in certain adjacent remainders for service stations, motels and restaurants for travelers and that this consequential benefit amounted to more than the damage caused by the three factors of proximity of the highway, inconvenience of access to highway due to its being a limited-access highway, and the absence of access to the landlocked portion. Therefore, the Highway Department contended that the condemnees were only entitled to the market value of the land taken. The condemnees on the other hand, presented evidence that there was no commercial market for these remainders as this particular highway was located between two federal highways

and that most of the traffic would be local or would be traveling to or from Savannah or Atlanta and that this point on the highway would not be an advantageous stopping place for food, gas or overnight. It is clear that the jury's determination that consequential damages existed is what caused the difference between the jury verdict and the assessors' award, not a difference as to the fair market value of the land taken. Consequently, the judge's charge, though perhaps not adapted to the situation sub judice, did not prejudice the jury as the market values presented to them were substantially the same.

3. The Highway Department submitted a written request for a charge explaining the manner in which a landowner could acquire access or ingress and egress to a landlocked tract, which the court declined. The requested charge represented a summary of Ch. 83-1 of the Code taken from Ga. L. 1967, p. 143 et seq. It stated the law correctly. In order to provide guidance for the trial judges of our state on this matter we quote it in full: "I charge you further, gentlemen of the jury, that a land owner whose property is land locked may petition the superior court for a private way over the lands of another. When any person or corporation of this State shall own real estate, or any interest therein, to which such person or corporation has no means of access, ingress, and egress; and, when such means of ingress, egress and access may be had over and across the lands of any private person or corporation; such person or corporation may file his or its petition in the superior court of the county having jurisdiction, alleging such facts, for a judgment, condemning an easement of access, ingress, and egress, not to exceed 20 feet in width, over and across such property of such private person or corporation. The compensation to be paid for this easement of private way shall be determined by a board of assessors. Either party shall have the right to appeal the assessors' award to a jury in the superior court. The private way shall be kept open and in repair by the person on whose application they are established or his successor in title." (T. 216).

As this requested charge dealt with an element of damages that was introduced in evidence it should have been included here. "The refusal of the trial court to charge a pertinent and applicable principle of law with respect to a major contention of the defendant after it had been timely requested in writing was error." *Wallace v. Willis,* 111 Ga. App. 576 (2) (142 SE2d 383). Counsel for the appellees state the reason for the court's refusal is

the ruling of this court in *State Hwy. Dept. v. Ball,* 112 Ga. App. 480, 483 (145 SE2d 577). There our court stated, "Although the requested charge was a correct statement of the applicable law as far as it went, it did not include the other provisions of Code § 83-101 et seq. which would have been pertinent to the issue of damages. . ." The instant request was complete and not deficient as was the situation in *State Highway Dept. v. Ball,* supra. While it does not make reference to inclusion of attorney fees as is pointed out by counsel, this matter was settled by the 4 to 3 decision of our Supreme Court in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347) affirming this court's ruling in 122 Ga. App. 45 (176 SE2d 219) holding the expense of attorney charges was not a part of just and adequate condemnation.

It should also be noted that *State Hwy. Dept. v. Ball,* 112 Ga. App. 480, supra, was decided in 1965 under the previous law which dealt with the acquisition of private ways through the court of ordinary that was declared unconstitutional in *Cato v. Arnold,* 222 Ga. 567 (151 SE2d 149). The legislature thereafter by Ga. L. 1967, p. 143, superseded Code §§ 83-101 through 83-106 and added §§ 83-105.1, 83-106.1 and 83-106.2 with a repeal of former § 83-118. Jurisdiction was placed in the superior court. The instant charge included everything that is provided by the present Ch. 83-1 of the Code. See also *State Hwy. Dept. v. Howard,* 119 Ga. App. 298, 304 (167 SE2d 177) where a similar charge was approved when a landlocked situation was established as a fact by the evidence which is also true here.

The evidence in this case presented by the state showed that the access could be restored to the landlocked remainder for $750. (T. 48, 49.) It is not necessary for a new trial to be had if the appellees will consent to reduce their judgment by the amount of $750. Such procedure would be in conformity with that approved by the Supreme Court in *Jeffreys-McElrath Mfg. Co. v. Huiet,* 196 Ga. 710, 723 (27 SE2d 385, 150 ALR 1200) and by our court in *Nail v. Hiers,* 116 Ga. App. 522 (157 SE2d 771).

*Judgment affirmed subject to the condemnees writing off $750 in accordance with Division 3 of this opinion, otherwise reversed. Hall, P. J., and Evans, J., concur.*

ARGUED MARCH 6, 1973 — DECIDED APRIL 19, 1973 — REHEARING DENIED MAY 29, 1973 —

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr.,*

*Executive Assistant Attorney General, Marion O. Gordon, G. Thomas Davis, Assistant Attorneys General, William J. Neville,* for appellant.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* for appellees.